615 So.2d 219 (1993)
Eugene C. WALWORTH, Appellant,
v.
Marie S. KLAUDER, f/k/a Marie Walworth, Appellee.
No. 92-663.
District Court of Appeal of Florida, Fifth District.
March 5, 1993.
*220 Roger L. Weeden, Orlando, for appellant.
Jack A. Nants, Orlando, for appellee.
PER CURIAM.
Eugene Walworth appeals from the trial judge's order dated February 1992, which requires him to pay child support through June 1993 when the child was expected to graduate from high school, a date well past the son's nineteenth birthday. Walworth argues the order exceeds the limits of section 743.07(2), Florida Statutes (1991). We agree and reverse.
Marie and Eugene Walworth were divorced in California in 1978. They have one child, David, born on November 12, 1973. Marie had the California judgment domesticated in Florida. It provided for $387.00 per month child support for David.
In August of 1991, Marie petitioned to extend Eugene's child support payments through June of 1993, some seven months after David would turn nineteen years of age. The basis for the petition and proof at the hearing was that David was financially dependent upon his parents for support and would continue to be in fact dependent, until he graduated from high school in June of 1993. David was actively pursuing his high school diploma, but his graduation was delayed because he had been held back twice during elementary school. However, he was not physically or mentally incapacitated.
Section 743.07(2) was revised in 1991, effective October, 1991, after this petition for modification was filed. Prior to the 1991 revision, it read:

This section shall not prohibit any court of competent jurisdiction from requiring support for a dependent person beyond the age of 18 years; and any crippled child as defined in chapter 391 shall receive benefits under the provisions of said chapter until age 21, the provisions of this section to the contrary notwithstanding. (emphasis supplied)
It presently provides:
This section shall not prohibit any court of competent jurisdiction from requiring support for a dependent person beyond the age of 18 years when such a dependency is because of a mental or physical incapacity which began prior to such person reaching majority or if the person is dependent in fact, is between the ages of 18 and 19, and is still in high school, performing in good faith with a reasonable expectation of graduation before the age of 19. (emphasis supplied)
Florida cases construing section 743.07(2) prior to the 1991 revision generally require that the child have some kind of physical or mental disorder or incapacity in order to extend a parent's child support obligations past the child's eighteenth birthday. See *221 Pitts v. Pitts, 566 So.2d 12 (Fla. 2d DCA 1990); Kern v. Kern, 360 So.2d 482 (Fla. 4th DCA 1978); Keenan v. Keenan, 440 So.2d 642 (Fla. 5th DCA 1983). However, in Evans v. Evans, 456 So.2d 956 (Fla. 1st DCA 1984), the First District held that it was appropriate for a court to order child support for an economically dependent child until that child attained nineteen years or graduated from high school, whichever occurred first. Evans relied upon Finn v. Finn, 312 So.2d 726 (Fla. 1975) and certified a conflict with this court's opinion in Keenan. We are bound by Keenan.
We conclude that the 1991 revision to section 743.07(2) should be applied to this case rather than prior case law even though the petition for modification was filed before its effective date. There is no provision in subsection (2) of the statute that it applies only to cases filed after its effective date, unlike many statutes in the domestic relations area.[1] The thrust of the revision was to clarify the extent and scope of a parent's obligation to pay child support past age eighteen in Florida, given the various interpretations of the Florida appellate courts. In this context, subsection (2) was remedial and accordingly it can be applied to this case. See St. Johns Village I Ltd. v. Department of State, 497 So.2d 990 (Fla. 5th DCA 1986).
The 1991 revision carves out a limited and specific category of teenagers for whom child support can be ordered past their eighteenth birthdays. The child must be less than nineteen years of age and be sufficiently far along in high school so as to graduate before his or her nineteenth birthday. Children who have early-in-the-year birthdays and who will turn nineteen before a June graduation, are entitled to no support during their eighteenth year, even though they are in need, in school, and "on track." Children in David's situation who were held back a year or two, but who are on course to graduate late, are similarly disadvantaged. Under the terms of this statute they are not entitled to support after their eighteenth birthday.
Because of the express wording of this statute, we are compelled to reverse the award of child support to David past his eighteenth birthday. However, the effect of the statute on support for various groups of dependent eighteen-year-old high school students appears to us as potentially discriminatory and arbitrary.[2] A high school diploma in this day and age has become an essential for self-support in contemporary society. It is difficult to understand why teenagers who are behind their age group, due to circumstances beyond their control, or ones who have a nineteenth birthday early in the year do not merit support during their eighteenth year of life, as is now provided for other eighteen-year-olds. In fact, young people, like David, may need the additional year of financial assistance more than their average or above-average contemporaries.
Accordingly, we reverse the judgment appealed, but we certify[3] to the supreme court the following as a question of great public importance:
DOES SECTION 743.07(2), FLORIDA STATUTES (1991) VIOLATE THE EQUAL PROTECTION CLAUSE OF THE FEDERAL AND STATE CONSTITUTIONS BY DENYING CHILD SUPPORT FOR 18 YEAR OLDS IN HIGH *222 SCHOOL WHO ARE NOT REASONABLY EXPECTED TO GRADUATE BY THEIR 19TH BIRTHDAYS, BUT PERMITTING SUCH SUPPORT FOR THOSE 18 YEAR OLDS WHO ARE SLATED TO GRADUATE BEFORE ATTAINING 19 YEARS OF AGE?
REVERSED and REMANDED; QUESTION CERTIFIED.
GOSHORN, C.J., and W. SHARP, J., concur.
GRIFFIN, J., concurs specially with opinion.
GRIFFIN, Judge, concurring specially.
I agree with the result reached by the majority. I am not of the view, however, that the statute's limited extension of support only to those dependent high school students expected to graduate before the age of nineteen is an unconstitutional deprivation of due process or a denial of equal protection.
NOTES
[1] See, e.g., § 61.075, Fla. Stat. (1989).
[2] For example, a two-year statute of limitation in which to bring a paternity or child support action imposed on certain illegitimate children was held to violate the equal protection clause because it denied paternal support to certain illegitimate children to which the identical right was given to legitimate children. Pickett v. Brown, 462 U.S. 1, 103 S.Ct. 2199, 76 L.Ed.2d 372 (1983). An equal protection violation was found in Wengler v. Druggists Mutual Insurance Co., 446 U.S. 142, 100 S.Ct. 1540, 64 L.Ed.2d 107 (1980), because widowers were required to submit proof of dependency before entitlement to work-related benefits of a deceased spouse, while widows faced no such requirement. At a minimum, legislation must be rationally related to a legitimate state interest. City of Cleburne v. Celburne Living Center, Inc., 473 U.S. 432, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). It seems impossible to find any state interest in denying certain teenagers an opportunity to gain the necessary education to become self-supporting.
[3] Fla.R.App.P. 9.030(a)(2)(A)(v).