626 So.2d 1069 (1993)
In re The Marriage of Oregon K. HUNTER, Appellant,
v.
Nancy H. HUNTER, Appellee.
No. 93-1142.
District Court of Appeal of Florida, First District.
November 12, 1993.
*1070 Michael W. Jones, Gainesville, for appellant.
Allison E. Folds of Watson, Folds, Steadham, Christmann, Brashear, Tovkach & Walker, Gainesville, for appellee.
PER CURIAM.
Appellant seeks review of a final judgment of dissolution of marriage, raising a number of issues. We affirm, without discussion, as to all but one of those issues.
The final judgment directs appellant to pay child support for the parties' children "until such time as [each] child graduates from high school or attains the age of 19 years[,] whichever first occurs." Appellant correctly argues that this provision is improper.
We presume that the child support provision was included because of section 743.07(2), Florida Statutes (1991), which reads:

This section shall not prohibit any court of competent jurisdiction from requiring support for a dependent person beyond the age of 18 years when such dependency is because of a mental or physical incapacity which began prior to such person reaching majority or if the person is dependent in fact, is between the ages of 18 and 19, and is still in high school, performing in good faith with a reasonable expectation of graduation before the age of 19.

(Emphasis added.) However, the provision incorrectly paraphrases the emphasized portion of the statute. Moreover, it is clear that the statute is intended to establish exceptions to the general rule regarding termination of a child support obligation. Therefore, we believe that the better practice is to resort in a final judgment of dissolution of marriage to the general rule, with the understanding that a petition to modify may be filed should it subsequently appear that one of the section 743.07(2) exceptions is applicable.
Accordingly, we reverse that portion of the final judgment which addresses the duration of appellant's child support obligation. On remand, the trial court is directed to substitute for that provision the following:
5. The husband shall pay directly to the wife as child support for the minor children the sum of Nine Hundred Dollars ($900.00) per month per child until such time as each child reaches age eighteen, marries, becomes self-supporting or dies, whichever first occurs.
In all other respects, the final judgment of dissolution of marriage is affirmed.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
BOOTH, SMITH and WEBSTER, JJ., concur.