640 So.2d 173 (1994)
Robert Salvatore GOODWIN, Appellant,
v.
Anna Claire GOODWIN, Appellee.
No. 93-3048.
District Court of Appeal of Florida, First District.
July 29, 1994.
*174 Allison E. Folds of Watson, Folds, Steadham, Christmann, Brashear, Tovkach & Walker, Gainesville, for appellant.
Zelda J. Hawk, Gainesville, for appellee.
SMITH, Judge.
In this appeal and cross-appeal, we are asked to review an amended final judgment of dissolution awarding permanent periodic alimony and child support, and which makes an equitable distribution of marital assets and debts. Both parties to this appeal argue that the lower court abused its discretion in a variety of ways. After careful review of the record and consideration of the arguments presented, we affirm all issues raised on appeal, but reverse two of the three issues raised on cross-appeal.
The parties were married on October 27, 1978; three children were born to the marriage. The former husband, appellant, is a medical doctor employed at Shands Hospital. The former wife, the appellee, was 43 years of age at the time of dissolution. She had previously worked as a school teacher, but has not worked outside the home since the birth of the first child in 1978. The former wife petitioned for dissolution of marriage in May 1992 seeking, also, residential custody of the three minor children, alimony for herself and child support for the children. The former husband counter-petitioned for dissolution of marriage seeking residential custody of the minor children and child support. Each party sought an equitable distribution of the marital assets and liabilities.
Following a final hearing, the trial court issued an amended final judgment by which the former husband was ordered to pay $4,800 per month in permanent, periodic alimony. The former husband was further ordered to pay $2,250 per month in total child support. Also, the former husband was obligated to pay for private school tuition for the youngest child until completion of the fifth grade, medical and life insurance for all children, and one-half of all medical and dental expenses of the children not covered by insurance. The former wife was given exclusive interest in the marital home, and was charged with sole responsibility for payment of the mortgage on the marital home. The former husband was awarded another residence, which had previously been used as the parties' marital home but has since been used as rental property.[1] The husband was made responsible for the mortgage on this home. The four retirement accounts accumulated by the husband during the marriage were equally distributed between the parties, and each party received an automobile.
In the original judgment of dissolution, the trial court provided that alimony would be terminated when the former wife reached the age of 62, the age at which the retirement accounts distributed to her could be accessed without penalty. Following rehearing, the trial judge eliminated this provision, substituting for it the following language:
[t]his court recognizes that it cannot terminate permanent alimony payments to the wife at age 62 as provided in the original Final Judgment of Dissolution of Marriage. However, the court has equally divided the various retirement accounts between the parties, therefore upon the wife attaining the age of 62 years and thereby having the ability to receive retirement benefits as awarded above, this event shall constitute a change of circumstances which may be sufficient for reduction or termination of alimony payments to the Wife.
Substantial evidence was received below as to the income earned by the husband. As noted, the husband is a physician presently practicing at Shands Hospital in Gainesville. In addition to his salary as a physician, the hospital pays for the husband's health, life, *175 and malpractice insurance. The former husband also receives fees on an irregular basis for consulting, lecturing, and service as an expert witness. As noted, the former wife has not worked outside the home since the birth of the first child in 1978. The former wife has been diagnosed as a diabetic and has had long-standing abdominal illness.
On appeal, the former husband takes exception to the amount of alimony awarded to the former wife. With the aid of his accountant, the former husband made the argument on rehearing  renewed on appeal  that the award of alimony, together with child support, constitutes approximately 70 percent of his net income, an amount which, he asserts, constitutes an abuse of discretion. The former wife contradicts the former husband's figures and offers her own interpretation of the evidence which indicates that the husband has remaining, after payment of alimony, child support, and all other deductions, over 45 percent of the cash available to the parties, while the wife will receive, for herself and the three children, less than 55 percent of the total cash available to the parties. Thus, in this, as in many cases of this nature, the trial court had before it a multitude of facts and figures from which varying interpretations and conclusions may be drawn. Our examination of the record, in the light of the arguments presented, does not convince us that the award of alimony was overburdensome. Rather, we find that it is within the broad range of discretion afforded to the lower court in determining alimony. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). It should also be noted that the amended final judgment contains sufficient findings so as to comply with section 61.08(1), Florida Statutes (1991).
We also find no error in the trial court's refusal to impute the income tax consequences of sale of the real property awarded to the husband in the equitable distribution scheme. As above noted, this property was a former marital home which was used as rental property after the parties acquired another home. In support of his argument, appellant relies upon the case of Nicewonder v. Nicewonder, 602 So.2d 1354 (Fla. 1st DCA 1992), in which this court held that the trial court erred in ordering a husband to pay all federal income tax liabilities involving the businesses and properties operated during the marriage, without determining the amount of such liabilities and without giving due consideration to such amounts in effecting an equitable distribution. This court noted further in Nicewonder that a trial court should consider "all tax consequences, including contingent tax liabilities, that affect the value of properties distributed... ." Id. at 1357.
Unlike Nicewonder, the former husband in this case produced no evidence of a present tax liability for the court to consider. The former husband's accountant testified below that should the property awarded to him be sold, a certain amount of taxes will be owed to "recapture" previously claimed depreciation. However, this tax will be owing only in event of a sale of the property, and according to former husband's accountant, since the property was being used as the husband's residence, the tax can be deferred by the husband should he buy another house. Furthermore, there is no indication on the record before the trial court that a sale of the property was imminent, nor is there any indication as to what price the property would bring when sold. Therefore, it is apparent that the amount of tax which may eventually be owing, or indeed, if any tax at all may be accrued, is a matter of pure speculation. Accordingly, we find that the trial court acted within its discretion when it ruled on rehearing that it would not consider the tax consequences of this distribution. See, England v. England, 626 So.2d 330 (Fla. 1st DCA 1993) (it is unproductive to attempt to set forth any bright-line rule as to when potential tax consequences are appropriately considered and when they are not).
As for appellant's argument on appeal that the lower court erred in failing to consider the cost of real estate brokerage fees on a potential sale when making an equitable distribution, we find this argument to be without merit in this case. The estimated cost of selling may be deducted from the value of the property where there is evidence as to the estimated sale costs. Savers Federal Savings and Loan Ass'n v. Sandcastle *176 Beach Joint Venture, 498 So.2d 519 (Fla. 1st DCA 1986); Taber v. Taber, 626 So.2d 1089 (Fla. 1st DCA 1993). There is no evidence on this record of an impending sale, nor of the estimated costs involved.
The former husband also finds fault with that portion of the amended final judgment which requires the husband to pay child support. The final judgment provides for the payment of support until each child attains the age of 18 years, dies, marries, or becomes self-supporting, whichever first occurs. The amended final judgment contains the further provision: "However, if a child has not graduated from high school at age 18 years and is still attending high school with reasonable expectation of graduation, child support shall continue for such child through the month of June following that child's 18th birthday." The former husband argues that this provision is at odds with section 743.07(2), Florida Statutes (1991), and Hunter v. Hunter, 626 So.2d 1069 (Fla. 1st DCA 1993). Section 743.07(2) provides that a court of competent jurisdiction is not prohibited from requiring support for a dependent person beyond the age of 18 when such dependency is caused by mental or physical incapacity, or "if the person is dependent in fact, is between the ages of 18 and 19, and still is in high school, performing in good faith with a reasonable expectation of graduation before the age of 19."
According to the former husband, the provision at issue in the amended final judgment is contrary to section 743.07(2). Because the provision in question requires the husband to pay child support after the age of 18 only if the child is still attending high school with a reasonable expectation of graduation, and only through the month of June following that child's 18th birthday, we see no conflict with the statute. Hunter v. Hunter, supra, is therefore distinguishable.
As for the issues raised on cross-appeal, we find no error in the trial court's failure to order the former husband to maintain life insurance as security for the award of alimony to the former wife. Such an award is a matter within the discretion of the court. Sobelman v. Sobelman, 541 So.2d 1153 (Fla. 1989).
However, we do agree that the lower court erred by providing in its amended final judgment that the attainment of the age of 62 years by the former wife would constitute a change of circumstances with respect to the alimony award. In Antonini v. Antonini, 473 So.2d 739, 742 (Fla. 1st DCA 1985), this court reiterated the rule that "[a]bsent a clear evidentiary basis that the financial needs of the receiving spouse will change in the future, it is error to provide for an automatic reduction in future permanent periodic alimony payments." While there is evidence in the record that the former wife will have access to greater funds once she is able to draw on her share of the retirement accounts awarded to her as equitable distribution, there is no evidence as to the former wife's needs at the age of 62. As previously noted, the former wife has had long-standing health problems; there is simply no way of knowing what her condition will be at age 62. Also, given the inevitable consequences of inflation, there is no indication that the alimony awarded will be sufficient to maintain the wife according to the standard to which she had become accustomed during the marriage.
While the amended final judgment does not automatically reduce the award of alimony, it is apparent  even to counsel for the former husband who conceded such at oral argument before this court  that the lower court was attempting by this contested provision to accomplish an automatic reduction in alimony. It will be recalled that the original final judgment of dissolution provided for the termination of permanent periodic alimony at the age of 62. Only upon motion for rehearing when the propriety of this provision was challenged, as were other matters, was this provision for automatic termination of alimony at the age of 62 deleted in favor of the passage quoted above from the amended final judgment.
We also find this portion of the amended final judgment is improper for the additional reason that it seeks to modify alimony based upon the anticipated receipt by the wife of assets previously awarded as a part of her equitable distribution. It is well-established that a retirement benefit which *177 has been awarded to a party pursuant to an equitable distribution of assets cannot also be treated as a source of alimony. Diffenderfer v. Diffenderfer, 491 So.2d 265 (Fla. 1986); DeLoach v. DeLoach, 552 So.2d 324 (Fla. 1st DCA 1989). While the expression of this principle in these cases was in the context of the husband's obligation to pay alimony, it nevertheless emphasizes the distinction between equitable distribution and periodic alimony, and underscores the inequity of the trial court's attempt to relieve the husband of some or all of his alimony obligation based solely upon the wife's receipt of her equitably distributed share of the retirement accounts, without regard to her needs and the husband's ability to pay. See, Hamlet v. Hamlet, 583 So.2d 654 (Fla. 1991).
We also find, based on the record as presented on appeal, that the lower court abused its discretion in denying the wife's petition for an award of attorney fees. Kelly v. Kelly, 491 So.2d 330 (Fla. 1st DCA 1986).
Accordingly, the amended final judgment is AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
LAWRENCE and BENTON, JJ., concur and dissent with written opinion.
LAWRENCE, Judge, concurring and dissenting.
I concur with the majority on all issues addressed except that which reverses the trial court and requires the husband to pay attorney fees for the wife. As the majority acknowledges, the award of attorney fees under the circumstances of this case, is a matter of discretion. I dissent because, in my view, the record does not reflect that the trial judge abused his discretion on this issue.
BENTON, Judge, concurring and dissenting.
With one small exception, I concur in the opinion of the court. In my opinion, the husband's point that the decree does not conform to section 743.07(2), Florida Statutes (1993) regarding child support after age eighteen is well taken. The statute authorizes an award of child support for a child who has reached his or her eighteenth birthday, if the child
is dependent in fact, is between the ages of 18 and 19, and is still in high school, performing in good faith with a reasonable expectation of graduation before the age of 19.

(Emphasis supplied.) As written, the provision challenged here would require payment of child support where a child had a reasonable expectation of graduation, even though there was no reasonable expectation graduation would take place before the child reached the age of 19.
NOTES
[1] At oral argument before this court, counsel for the former husband represented that this residence, although being used by the husband as his residence at the time of the final hearing, has since been sold. The record on appeal, however, does not disclose this fact, and we are, of course, constrained to review the propriety of the lower court's actions based on the record before it.