PER CURIAM.
Mark Ratcliff, the former husband, appeals a final judgment of dissolution. We conclude that he has failed to demonstrate that the trial court abused its discretion in its awards of child support and alimony to the appellee, Traci B. Ratcliff, or that the trial court made an inequitable distribution of the marital assets and liabilities. Accordingly, we affirm those portions of the final judgment. We write only to address the provision in the final judgment that establishes the duration of the former husband’s obligation for child support for the parties’ two daughters. The final judgment provides that: “The Husband’s obligation for child support shall continue until the youngest child reaches the age of 19 years or graduates from high school, whichever shall first occur.” For the reasons that follow, this provision is erroneous and requires reversal. Hunter v. Hunter, 626 So.2d 1069 (Fla. 1st DCA 1993).
In Hunter, this court reversed a support provision similar to the provision now before us and directed the trial court to substitute a provision setting forth that child support for each child continue “until such time as each child reaches the age eighteen, marries, becomes self-supporting or dies, whichever first occurs.” Id. at 1070. The Hunter court acknowledged that section 743.07(2), Florida Statutes, authorizes an award of child support for a child who has reached his or her eighteenth birthday where the child is mentally or physically incapacitated prior to reaching that eighteenth birthday or if the child
is dependent in fact, is between the ages of 18 and 19, and is still in high school, performing in good faith with a reasonable expectation of graduation before the age of 19.
Nevertheless, no evidence in Hunter brought that case within the terms of the statute and the court concluded that “the better practice is to resort in a final judgment of dissolution of marriage to the general rule” of terminating support upon a child’s emancipation at age 18. Id.; see, § 743.07(1), Fla. Stat. (1995).
There is no evidence in the instant record that either of the parties’ daughters is mentally or physically incapacitated or that either child is presently delayed in school such that, if each child “perform[s] in good faith,” section 743.07(2), Florida Statutes (1995), she will not graduate before age 18. Thus, the trial court had no evidentiary basis to extend the duration of child support beyond age 18 pursuant to section 743.07(2). See, Walworth v. Klauder, 615 So.2d 219 (Fla. 5th DCA 1993). As the Hunter court observed, however, in the event one of the exceptions in section 743.07(2) subsequently becomes applicable, a petition to modify the award of child support can then be filed.
We distinguish Goodwin v. Goodwin, 640 So.2d 173, 177 (Fla. 1st DCA 1994), upon which the wife relies. As the Goodwin court noted, the child support provision in Goodwin complied with section 743.07(2), unlike the provisions at issue in the instant case and in Hunter.
In addition to conflicting with Hunter, the instant child support provision, as literally written, would require the continuation of child support for the older daughter “until the youngest child reaches the age of 19 or graduates from high school....” This is obviously error. On remand, the support provision should be written so that the support obligation for each child terminates based upon that child’s age or, if applicable, on other circumstances relating to that child.
AFFIRMED in part, REVERSED in part, and REMANDED with directions.
WOLF, VAN NORTWICK and PADOVANO, JJ., concur.