PER CURIAM.
Carl Wayne Drake, the former husband, appeals an order which modifies the final judgment of dissolution by increasing the amount of child support and ordering that such support should continue “until the parties’ minor child reaches the age of 19 or upon her graduation from high school, whichever occurs first.” Appellant contends that in the instant case, because no evidence in the record supports the finding made by the trial court that the child has a reasonable expectation of graduating from high school before her 19th birthday, section 743.07(2), Florida Statutes (1995), does not allow for the continuation of child support beyond age 18. We agree and reverse.
The parties were divorced in 1981 when their minor daughter was two years old. In 1994, appellee, Mary Michael Drake Davis, the former wife, filed a petition for upward modification of child support. The trial court increased the former husband’s child support obligation to the guideline amount of $767 per month ordering such support “to continue until the parties’ minor child reaches the age of 19 or upon her graduation from high school, whichever occurs first.” The husband moved for rehearing, arguing that the language of section 743.07(2) precludes such a provision for support. In denying the motion for rehearing as to this point, the trial court found:
On that issue, I make a finding that the child is presently in high school, and she, in fact, has a reasonable expectation of graduating sometime before she obtains the age of nineteen.
Because the only evidence in the record shows that the child is not expected to graduate from high school before the age of 19, the trial court’s award of child support “until the parties’ minor child reaches the age of 19 or upon her graduation from high school, whichever occurs first” was error. Ratcliff v. Ratcliff, 679 So.2d 1279 (Fla. 1st DCA 1996); Hunter v. Hunter, 626 So.2d 1069 (Fla. 1st DCA 1993).
In section 743.07(2) the legislature established certain limited exceptions to the general rule that child support obligations are terminated upon the child reaching majority. Hunter, 626 So.2d at 1070. This statute authorizes an award of child support for a child beyond the age of 18 years only if (i) the child is mentally or physically incapacitated prior to reaching his or her 18th birthday or (ii) the child
is dependent in fact, is between the ages of 18 and 19, and is still in high school, performing in good faith with reasonable expectation of graduation before the age of 19.
Since no contention has been made here that the parties’ child is either mentally or physically incapacitated, for section 743.07(2) to apply “[t]he child must be less than nineteen years of age and be sufficiently far along in high school so as to graduate before his or her nineteenth birthday.” Walworth *755 v. Klauder, 615 So.2d 219, 221 (Fla. 5th DCA 1993). The Walworth court noted that under the statutory language:
Children who have early-in-the-year birthdays and who will turn nineteen before a June graduation, are entitled to no support during their eighteenth year, even though they are in need, in school, and “on track.”

Id.

In the instant case, the only evidence in the record pertinent to the inquiry of whether the parties’ daughter should be provided child support beyond her 18th birthday is the testimony of the former wife. She testified that the parties’ daughter “will complete school after turning 19” and that she will be “19 years and four months when she completes high school.” Thus, the trial court’s finding that the parties’ daughter has a reasonable expectation of graduating from high school before she turns the age of 19 is without any evidentiary basis. See Ratcliff, 679 So.2d at 1280.
Accordingly, that portion of the final judgment awarding increased support which addresses the duration of the child support obligation must be reversed. Id.; Hunter, 626 So.2d at 1070. The support provision should be modified to provide for the termination of support when the “child reaches age 18, marries, becomes self-supporting or dies, whichever first occurs.” Hunter, 626 So.2d at 1070; see also Ratcliff, 679 So.2d at 1280. In the event circumstances change and it appears that the parties’ daughter will graduate before her 19th birthday, a petition for modification can be filed demonstrating this changed circumstance. Hunter, 626 So.2d at 1070.
AFFIRMED in part, REVERSED in part, and REMANDED with directions.
BOOTH, JOANOS and VAN NORTWICK, JJ., concur.