714 So.2d 579 (1998)
Laura BOOT, Appellant,
v.
John SAPP, Appellee.
No. 97-3667.
District Court of Appeal of Florida, Fourth District.
July 1, 1998.
Ann Porath, Wellington, for appellant.
Timothy W. Gaskill of DeSantis, Gaskill, Smith & Shenkman, P.A., North Palm Beach, for appellee.
PER CURIAM.
Laura Boot, former wife, appeals an order denying a petition for modification of child support pursuant to section 743.07(2), Florida Statutes. This section provides that the trial court may require child support for dependent children between the ages of eighteen and nineteen who are still in high school and who have a reasonable expectation of graduation before the age of nineteen.
The twin sons of the parties are presently in eleventh grade and will turn nineteen in late May of 1999. The date for graduation ceremonies for 1998 is June 2, just days after the twins' birthday; the date for the graduation ceremonies for 1999 is unknown.
The term "graduation" is not clearly defined in statute or case law. Graduation may mean the act of completing a phase of one's formal education, or the ceremony of conferring a degree or diploma. WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY, UNABRIDGED 985 (3d ed.1986). A high school student may complete all requirements of an educational program a few days, or even several weeks, before the date that student participates in graduation ceremonies. According to the former wife, the twins will complete twelfth grade and their high school *580 studies some two weeks prior to graduation ceremonies.
It appears the trial court believed that the date of the graduation ceremonies limited the court's discretion. We construe the term "graduation" in section 743.07(2), Florida Statutes, liberally, especially under the circumstances where the children are dependent and in need of child support during their last year of high school; to deny support for the entire year would not be within the spirit or intent of the law as it relates to child support. Chapters 61 and 743 of the Florida Statutes should be read together as related to child support and should be liberally construed to mitigate potential harm to children.
Because the term "graduation" may be defined in different ways, we reverse and remand to the trial court to reconsider the final judgment in light of this opinion, recognizing that the decision is left to the discretion of the trial court.
REVERSED and REMANDED.
GLICKSTEIN and GROSS, JJ., and GOLDENBERG, RENEE, Associate Judge, concur.