PER CURIAM.
The parties to the present action are former husband and wife whose marriage was ended by dissolution on October 3, 1990. The appellee/former wife was awarded primary residential responsibility for the minor children, and the appellant/former husband was directed to pay child support for both children. The Final Judgment did not specify a termination date for child support.
On May 19, 1997, the former wife filed a Petition to Modify/Clarify Judgment, seeking an extension of child support for one of the minor children, Scott, beyond his eighteenth *278 birthday. The petition was based on the fact that Scott would still have another year of high school to complete after turning eighteen on May 21, 1997.[1] His anticipated high school graduation date was June 2, 1998, eleven days after his nineteenth birthday.
The trial court entered an Order Modifying the Final Judgment on October 23, 1997. In the order, the trial court found that Scott “will be entitled to a diploma by the date of his 19th birthday,” and, on that basis, ordered the former husband to continue paying child support for Scott through May of 1998.
The former husband appeals, arguing that, under section 743.07(2), Florida Statutes (1995), and the cases interpreting the statute, a court may only order a former spouse to continue paying child support beyond the child’s eighteenth birthday if the child has a reasonable expectation of graduating high school before the age of nineteen. Since the child in the present case was not set to graduate until after his nineteenth birthday, the former husband argues that it was error for the trial court to order him to continue paying child support for Scott beyond his eighteenth birthday. We agree.
Section 743.07(2) provides that a trial court may require child support for a dependent beyond the age of 18 years:
when such dependency is because of a mental or physical incapacity which began prior to such person reaching majority or if the person is dependent in fact, is between the ages of 18 and 19, and is still in high school, performing in good faith with a reasonable expectation of graduation before the age of 19.
The former wife does not allege that Scott suffers from any mental or physical incapacity; therefore, the former husband could only be required to pay child support for Scott beyond the age of eighteen if he met the listed criteria in the portion of the statute underlined above. Because Scott’s nineteenth birthday was on May 21,1998, and his high school graduation date was June 2, 1998, he did not have a reasonable expectation of graduation before the age of 19. Therefore, he did not meet the criteria for continued support beyond age eighteen listed in the statute. See Walworth v. Klauder, 615 So.2d 219 (Fla. 5th DCA 1993); Moyer v. Moyer, 636 So.2d 125 (Fla. 4th DCA 1994); Drake v. Drake, 686 So.2d 753 (Fla. 1st DCA 1997).
In Walworth, the Fifth District explained, Children who have early-in-the-year birthdays and who will turn nineteen before a June graduation, are entitled to no support during their eighteenth year, even though they are in need, in school, and “on track.” Children ... who were held back a year or two, but who are on course to graduate late, are similarly disadvantaged. Under the terms of [section 743.07(2) ] they are not entitled to support after their eighteenth birthday.
Walworth, 615 So.2d at 221.
In the present case, the trial court based its ruling on its use of the definition of “graduation” in 15 AmJur 2d, Colleges section 28, and on its conclusion that Scott’s right to graduate would vest before his nineteenth birthday. There is no support in the case law for the concept of the vesting of the right to graduate high school, or for the application of such a concept in the interpretation of section 743.07(2). Moreover, as the former husband points out, the section of American Jurisprudence 2d on which the trial judge relied concerns colleges, not secondary public schools. There was thus no proper basis for the trial court’s ruling.
Although no transcript of the hearing was filed, a transcript is not necessary to determine that the trial court erred as a matter of law in the present case. See Hines v. State, 549 So.2d 1094 (Fla. 1st DCA 1989). The language of the order reflects an incorrect application of the plain language of section 743.07(2) and one inconsistent with precedent.
Therefore, we reverse and remand for entry of a support order providing for the termination of support when Scott “reaches *279 age 18, marries, becomes self-supporting or dies, whichever first occurs.” See Drake, 686 So.2d at 755; Hunter v. Hunter, 626 So.2d 1069, 1070 (Fla. 1st DCA 1993).
Reversed and remanded.
BENTON, VAN NORTWICK and PADOVANO, JJ., CONCUR.

. Scott had been held back for a year in kindergarten, which was the cause of his late graduation.