PER CURIAM.
The former husband, Robert Hesse, appeals the final order of the trial court granting the motion of the former wife, Catherine Hesse, to extend child support payments. We reverse.
The former wife filed a motion to extend child support payment for the parties’ daughter. The trial court granted the former wife’s motion to extend payments. The court found that section 748.07, Florida Statutes (1997), was the proper vehicle for bringing the motion. The court extended the former husband’s child support obligation until the daughter’s nineteenth birthday on May 18,1998, on the basis that the daughter was scheduled to graduate from high school on or about June 6, 1998. The' former husband filed a timely appeal.
Section 743.07(2) authorizes a court to require
support for a dependent person beyond the age of 18 years when such dependency is because of a mental or physical incapacity which began prior to such person reaching majority or if the person is dependent in fact, is between the ages of 18 and 19, and is still in high school, performing in good faith with a reasonable expectation of graduation before the age of 19.
This case involves the graduation provision of section 743.07(2). While there was some discussion involving the incapacity provision of section 743.07(2) at the modification hearing, there was insufficient evidence to extend the former husband’s support obligation based upon the incapacity provision.
The former husband argues that the trial court erred in finding that the graduation provision of section 743.07(2) authorized an extension of support payments in this case. We agree with the former husband. The trial'court, by the terms of its own order, acknowledged that the parties’ daughter would reach her nineteenth birthday before her high school graduation. The terms of section 743.07(2) are clear that there must be “a reasonable expectation of graduation before the age of 19.” § 743.07(2), Fla. Stat. (1997). It is apparent there could not have been a reasonable expectation that the daughter would graduate from high school before her nineteenth birthday. Therefore, the trial court erred in finding that the graduation provision of section 743.07(2) authorized the court to extend the former husband’s child support obligation. See Wattenbarger v. Wattenbarger, 728 So.2d 277 (Fla. 1st DCA 1999); Walworth v. Klauder, 615 So.2d 219 (Fla. 5th DCA 1993).
Reversed and remanded.
PARKER, A.C;j„ GREEN, J., and HAYES, HUGH D„ Associate Judge, Concur.