DAVIS, J.
Roger Eric Kaplan ( the former husband”) appeals the final judgment dissolving his marriage to Paula Ann Kaplan (“the former wife”). We find no merit to the former husband’s issues dealing with the trial court’s equitable distribution of marital assets. The trial court justified its distribution of marital assets and liabilities with factual findings supported by competent substantial evidence and did not abuse its discretion. See § 61.075(3), Fla. Stat. (1997); Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). We affirm the trial court’s equitable distribution, award of permanent periodic alimony, and award of attorney’s fees without further discussion. We, however, find merit to the former husband’s argument that the trial court erred in awarding child support for the two minor children until “said child graduates from high school or attains the age of Nineteen (19) whichever occurs first, so long as the child is pursuing graduation in *1202 good faith.” We reverse that portion of the award extending the duration of the child support obligation.
The former husband challenges the award of child support insofar as it requires him to pay child support until his two minor children, Amanda (born in 1985) and Sean (born in 1989), graduate from high school or reach 19, whichever occurs first.[1]
In Hunter v. Hunter, 626 So.2d 1069 (Fla. 1st DCA 1993), this court reversed an award of child support which required the former husband to pay child support until such time as each child graduated from high school or attained the age of 19, whichever occurred first. See Hunter, 626 So.2d at 1070. This court presumed that the child support provision was included because of section 743.07(2), Florida Statutes (1991), which authorizes an award of child support for a child beyond the age of 18 years in certain circumstances, and found that such an award incorrectly paraphrased a portion of that statute. See id. In reversing the portion of the final judgment that addressed the duration of the child support obligation, this court reasoned as follows:
[I]t is clear that the statute [section 743.07(2) ] is intended to establish exceptions to the general rule regarding termination of a child support obligation. Therefore, we believe that the better practice is to resort in a final judgment of dissolution of marriage to the general rule, with the understanding that a petition to modify may be filed should it subsequently appear that one of the section 7^3.07(2) exceptions is applicable.
Hunter, 626 So.2d at 1070 (emphasis supplied).
The trial court shall modify the child support provision in this case to provide for the termination of support for each child when the child reaches age 18, marries, becomes self-supporting, or dies, whichever first occurs. In the event the circumstances change and it appears that either Amanda or Sean will graduate after their 18th birthday but before their 19th, “a petition for modification can be filed demonstrating this changed circumstance.” Drake v. Drake, 686 So.2d 753, 754 (Fla. 1st DCA 1997).
Accordingly, this case is remanded to the trial court to modify the child support award. In all other respects, the final judgment of dissolution of marriage is affirmed.
AFFIRMED in part; REVERSED in part; REMANDED with instructions.
LAWRENCE and VAN NORTWICK, JJ., CONCUR.

. The former wife’s argument in reply to this issue is non-responsive to the issue as presented by the former husband. The former husband did not challenge the court's award of child support for Heather, the parties’ firstborn child, requiring him to pay for five months beyond her 18th birthday, i.e., until her anticipated completion of high school in June 1999. In any event, we agree with the former wife that the child support award for Heather was appropriate because it met the criteria for continued support beyond age 18 pursuant to section 743.07(2), Florida Statutes (1997) and is supported by the evidence.