750 So.2d 693 (2000)
Preston MADDOX, Appellant,
v.
Dorothy MADDOX, Appellee.
No. 1D99-1071.
District Court of Appeal of Florida, First District.
January 5, 2000.
Rehearing Denied February 3, 2000.
*694 Paul A. Shapiro of Shapiro Law Firm, Tallahassee, for Appellant.
Dorothy Maddox, Appellee, pro se.
KAHN, J.
The sole issue in this divorce case is whether Mr. Maddox, the former husband, is entitled to one-half of the proceeds from the sale of real estate located at 2533 Greer Road in Tallahassee. Long before he instituted the dissolution action, Mr. Maddox conveyed his interest in the property to Mrs. Maddox by quitclaim deed. During the pendency of this action, Mrs. Maddox sold the property. The trial judge ruled that this property was not a marital asset and instead was the sole property of the former wife. Accordingly, the trial court ordered the proceeds of the sale of the property be distributed solely to Mrs. Maddox. Although the circuit court erred by designating the real estate as non-marital, we affirm because the award to Mrs. Maddox is otherwise supported by the evidence and the trial judge's findings.
Before the case came on for final hearing, the trial judge conducted an emergency hearing concerning proceeds of the sale of the property. At that time, the trial judge ordered that one-half of the net proceeds be distributed directly to Mrs. Maddox, $5,000 be distributed directly to Mr. Maddox, and the balance be held in trust by Mr. Maddox's lawyer pending further order as to the "proper and equitable distribution of such funds."
The husband conveyed the subject property to the wife over six years before he filed this action for dissolution. According to the unrefuted testimony of Mrs. Maddox, she handled all expenses attendant to the property for years, borrowed substantial sums of money to prevent foreclosure of liens against the property, and was ultimately successful in locating a buyer for the property. The liens she paid off included at least one attributable to Mr. Maddox's delinquent child support obligation resulting from a child born during the Maddox marriage, but to a woman other than Mrs. Maddox. Mrs. Maddox was unaware of most of the various encumbrances until she began the effort of redeeming the property from foreclosure.
Under well-established statutory and case law, an interspousal gift during the marriage is a marital asset. See § 61.075(3), Fla. Stat. (1997); Colley v. Colley, 745 So.2d 1125 (Fla. 1st DCA 1999). Accordingly, the circuit judge erred in concluding that because the property was a gift from Mr. Maddox to Mrs. Maddox, it was not marital property subject to equitable distribution. Nevertheless, the judge made sufficient findings of fact to render this error harmless. Cf. Vaughn v. Vaughn, 714 So.2d 632 (Fla. 1st DCA 1998) (finding that where reason for the trial court's unequal distribution of marital debt is readily apparent from the record, the trial court's failure to make the specific findings concerning the distribution would be viewed as harmless error).
A trial court may avoid the obligation to divide marital assets equally by making written findings justifying the decision. See Silber v. Negrin, 745 So.2d 523 (Fla. 1st DCA 1999). The reviewing court should determine whether competent substantial evidence supports the equitable distribution of marital assets. See Kaplan v. Kaplan, 744 So.2d 1201 (Fla. 1st DCA 1999). The standard of review is whether the trial court abused its discretion in distributing marital assets. See id. The final judgment may offer support for the trial court's equitable distribution even though the relevant findings are not properly labeled as finding of fact pursuant to section 61.075(3), Florida Statutes (1997). See McMullan v. McMullan, 24 Fla. L. Weekly D2380, ___ So.2d ___, 1999 WL 820996 (Fla. 5th DCA Oct.15, 1999).
*695 Applying this law to the present case, we conclude that the Greer Road property was in fact a marital asset. Nevertheless, unequal distribution of this asset was justified by the trial court's findings. Mr. Maddox deeded the property to his wife many years before he sought dissolution. He never asserted entitlement to, or ownership of, the property until after Mrs. Maddox accomplished a sale. Mrs. Maddox, on the other hand, took all reasonable and necessary steps to redeem the property from foreclosure and from various liens. She borrowed substantial sums of money and eventually found a buyer for the property. Significantly, the trial court did not leave Mr. Maddox out in the coldhe received $5,000 as a result of the interlocutory hearing. The final judgment did not redistribute this $5,000 and directed only that the proceeds held in escrow by the husband's lawyer be paid over to Mrs. Maddox.
AFFIRMED.
BOOTH and MINER, JJ., CONCUR.