752 So.2d 706 (2000)
Nancy Beth NERNEY, Appellant,
v.
Michael E. NERNEY, Appellee.
No. 2D98-4919.
District Court of Appeal of Florida, Second District.
February 23, 2000.
*707 Sarah M. Chaves, St. Petersburg, for Appellant.
Joseph R. Park and Andrew J. Rodnite, Jr. of Park, Bugg, Rodnite, Ossian and Zdravko, P.A., Clearwater, for Appellee.
THREADGILL, Judge.
Nancy Beth Nerney, the mother in this cause, challenges a final judgment entered in favor of Michael E. Nerney, the father herein, on his supplemental petition for a modification of custody of the parties' two minor children. We affirm without discussion the judgment, which grants custody of both children to the father and otherwise properly provides for visitation by the mother. We do, however, find merit in the mother's contentions that the evidence fails to support the child support award and that the trial court erred in ordering her to pay child support for each child past the age of eighteen. We therefore affirm in part and reverse in part.
The trial court ordered the mother to pay $396 in monthly child support to the father. The record shows, however, that the child support guidelines worksheet, upon which the support award was based, fails to employ income figures consistent with those provided by each of the parties in the financial affidavits they submitted to the trial court. For that reason, the child support award is reversed and remanded for recalculation, based on the income information provided in the parties' financial affidavits.
In contravention of section 743.07(2), Florida Statutes (1999), the trial court's order also improperly requires the mother to, potentially, continue to pay child support past each child's eighteenth birthday, irrespective of whether the child is actually attending high school and performing in good faith with a reasonable expectation of graduation before the age of nineteen. The father concedes error.
The wording used by the trial court in its order does not properly track the language of the statute. Thus, as the parties suggest, the better practice is that enunciated in Hunter v. Hunter, 626 So.2d 1069 (Fla. 1st DCA 1993). In Hunter, the First District, with regard to a similar provision in a support order, directed the trial court to enter a revised order requiring the payment of child support "until such time as the child reaches age eighteen, marries, becomes self-supporting or dies, whichever occurs first," with the understanding that a petition to modify may be filed in the event that one of the exceptions of section 743.07(2) becomes applicable. Hunter, 626 So.2d at 1070. We therefore reverse that portion of the trial court's written judgment which establishes the duration of the mother's child support obligation in this instance and remand for the substitution of revised language consistent with Hunter.
Affirmed in part, reversed in part, and remanded for further proceedings.
PATTERSON, C.J., and CAMPBELL, J., Concur.