767 So.2d 1172 (2000)
Linda L. WATTENBARGER, Petitioner,
v.
Frank J. WATTENBARGER, Respondent.
No. SC95228.
Supreme Court of Florida.
September 7, 2000.
George W. Blow, III, Tallahassee, Florida, for Petitioner.
Scott T. Orsini, St. Petersburg, Florida, for Respondent.
PER CURIAM.
We have for review Wattenbarger v. Wattenbarger, 728 So.2d 277 (Fla. 1st DCA 1999), which expressly and directly conflicts with the decision in Boot v. Sapp, 714 So.2d 579 (Fla. 4th DCA 1998). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
The Wattenbargers' marriage was dissolved on October 3, 1990. Pursuant to the dissolution order, Linda Wattenbarger was granted primary residential responsibility for the parties' two minor children, and John Wattenbarger was ordered to pay child support for both children.
On May 19, 1997, Linda filed a petition to modify or clarify the judgment entered on the dissolution order, seeking in part to continue child support for the couple's oldest child, Scott, past his eighteenth birthday "so long as [he] remain[ed] in high school, not to exceed [his] nineteenth birthday." Scott was born on May 21, 1979.
The respondent argued that child support could not be continued as a matter of law because Scott had no reasonable expectation of graduating prior to his nineteenth birthday. Section 743.07(2), Florida Statutes (1997), provides:
This section shall not prohibit any court of competent jurisdiction from requiring support for a dependent person beyond the age of 18 years when such dependency is because of a mental or physical incapacity which began prior to such person reaching majority or if the person is dependent in fact, is between the ages of 18 and 19, and is still in high school, performing in good faith with a reasonable expectation of graduation before the age of 19.

(Emphasis added.) Scott's graduation ceremony was scheduled for June 2, 1998, eleven days after his nineteenth birthday.
The petitioner maintained that Scott's right to graduation would vest, i.e., he would be entitled to a diploma, prior to his nineteenth birthday thus meeting the requirements of section 743.07(2). The trial court agreed and ordered the respondent to continue child support payments for Scott through May 1998.[1]
*1173 On appeal, the First District held that Scott did not have a reasonable expectation of graduating before his nineteenth birthday given that he would attend commencement eleven days after his birthday: "Because Scott's nineteenth birthday was on May 21, 1998, and his high school graduation date was June 2, 1998, he did not have a reasonable expectation of graduation before the age of 19. Therefore, he did not meet the criteria for continued support beyond age eighteen listed in the statute." Wattenbarger, 728 So.2d at 278. Further, the First District reasoned that to hold the contrary would be an "incorrect application of the plain language of section 743.07(2) and one inconsistent with precedent." Id.
This same "reasonable expectation of graduation" language was read liberally by the Fourth District in Boot v. Sapp, in reversing and remanding a trial court's order denying a petition for modification of child support for twin sons who were to turn nineteen several days prior to their graduation ceremony:
We construe the term "graduation" in section 743.07(2), Florida Statutes, liberally especially under the circumstances where the children are dependent and in need of child support during their last year of high school; to deny support for the entire year would not be within the spirit or intent of the law as it relates to child support. Chapters 61 and 743 of the Florida Statutes should be read together as related to child support and should be liberally construed to mitigate potential harm to children.
714 So.2d at 580. We find the Fourth District's reading compatible with the "reasonable expectation of graduation" language of section 743.07(2). Accordingly, we quash the First District's decision in Wattenbarger, approve Boot, and remand for proceedings consistent therewith.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
NOTES
[1] The trial court, although it cited 15A Am. Jur.2d Colleges and Universities § 28 (1976) in its order, appears to have relied on the definition of graduation found in 15A Am.Jur.2d Colleges and Universities § 31 (1976), which provides: "Universities and colleges are usually vested with the power to graduate and to confer degrees and diplomas on students who have complied with the requirements imposed by the regulations of such institutions. Where a student matriculates at a college or university, a contractual relationship is established under which, upon compliance with all the requirements of graduation, he is entitled to a degree or diploma."