DAVIS, Judge.
The Department of Revenue (DOR) challenges the circuit court order that dismissed the Department’s supplemental petition filed on behalf of Audrey Lockmiller. We reverse.
Gerald Lockmiller (the former husband) and Audrey Lockmiller (the former wife) divorced in 1985. The former wife was awarded primary custody of the couple’s four minor children, and the former husband was ordered to pay her $25 per week per child. Prior to April 1987, the former husband obtained physical custody of the two oldest children. On April 27, 1987, a “change of payee” was entered, directing the clerk of court to direct the former husband’s child support payments for the *553 two youngest children to the Florida Department of Health and Rehabilitative Services (DOR’s predecessor as the State’s Title IV-D agency) because the former wife was collecting public assistance. In 1988, the former husband was awarded primary residential custody of the couple’s third child; however, the youngest child remained with the former wife. Accordingly, the former husband’s support obligation only applied to the youngest child.
In February 2000, four months after the youngest child turned eighteen, DOR filed a supplemental petition for support, alleging that the child was a dependent child beyond the age of eighteen who would graduate from high school prior to his nineteenth birthday. See § 743.07(2), Fla. Stat. (2000). The former husband moved to dismiss, arguing that DOR did not have standing because the petition was brought after the child turned eighteen, and, alternately, because the petition was brought on behalf of the former wife rather than on behalf of the now adult son. In dismissing the petition, the trial court made no finding as to the former husband’s first argument, but found that the petition should have been brought on behalf of the adult son. We do not agree.
By statutory definition, the son was dependent. Id. Accordingly, both the former husband and the former wife had a statutory obligation to support their son. In this case, DOR stands in place of the former wife, and, therefore, has standing to seek enforcement of the former husband’s obligation, just as it would were the son still a minor.
Furthermore, nothing in section 743.07(2) suggests that the former wife’s ability to seek support for the dependent child terminated on that child’s eighteenth birthday. On the contrary, case law has held that “[wjhether a child is dependent beyond the age of 18 years should be determined by the court, if requested, at the time of attainment of majority by each child.” Cyr v. Cyr, 354 So.2d 140, 140 (Fla. 2d DCA 1978) (citing Baldi v. Baldi, 323 So.2d 592 (Fla. 3d DCA 1975)). See also Nemey v. Nemey, 752 So.2d 706 (Fla. 2d DCA 2000).
Accordingly, we reverse and remand to the trial court to reinstate the petition.
FULMER, A.C.J., and NORTHCUTT, J., Concur.