PER CURIAM.
 

 Appellant seeks review of a final order of dissolution of marriage on multiple grounds. In the order, the trial court prospectively determined that Appellant’s alimony award would cease once she began receiving her share of Appellee’s retirement benefit. This prospective modification was an abuse of discretion because the retirement benefit was awarded to Appellant as part of her equitable distribution.
 
 Goodwin v. Goodwin,
 
 640 So.2d 173, 176-77 (Fla. 1st DCA 1994);
 
 Antonini v. Antonini,
 
 473 So.2d 739, 742 (Fla. 1st DCA 1985). Additionally, the trial court’s order contains insufficient factual findings regarding whether the parties agreed to forego the state depository system for support payments, who should be the beneficiary on the children’s life insurance policies, and whether or not Appellee was found to be in contempt for failing to pay court-ordered temporary support prior to entry of the final judgment. We, therefore, reverse the trial court’s prospective modification of alimony and remand for modification and/or additional factual findings consistent with this opinion. We affirm all other issues raised and not addressed in this opinion.
 

 AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
 

 KAHN, DAVIS, and THOMAS, JJ., concur.