SILBERMAN, Chief Judge.
D.J.S. (the Mother) and her son, M.S., appeal the trial court’s order that dismisses a supplemental petition for modification of child support filed against W.R.R. (the Father) for lack of jurisdiction. We reverse the trial court’s order and remand for reinstatement of the petition.
The Mother filed a paternity action that resulted in the Mother and the Father entering into a stipulated agreement of paternity and support that identified their natural child, M.S., born in January 1991. An order approving the stipulation was rendered on October 1, 1991. In 2001 and 2006, the parents stipulated to modifications of child support and the court entered orders approving the stipulations. The stipulations and the orders approving them state the amount of monthly child support the Father was to pay but do not state an ending date for the child support.
On May 6, 2009, four months after M.S. turned eighteen years old, the Mother filed a supplemental petition for modification of child support. She asserted in the petition that M.S. was entitled to support until he graduated from high school, citing section 743.07, Florida Statutes (2008). She also *992 asserted that he had a physical incapacity, Cystic Fibrosis; that he required support; and that the incapacity began prior to his reaching the age of majority. She again cited to section 743.07.
On May 21, 2009, the Father filed a motion to dismiss, contending that because the Mother did not file the petition before their son’s eighteenth birthday, the court no longer had “jurisdiction to grant post majority support.” On May 26, 2009, M.S. filed a motion to join the supplemental petition for modification of child support. He asserted that he had been diagnosed with Cystic Fibrosis in May 1992 and that both his parents knew of his condition since that date. He stated that neither of his parents notified the court of his physical incapacity before he reached the age of majority. The trial court ordered the parties to mediation, but it was unsuccessful.
On April 13, 2010, the parties filed a stipulated agreement that M.S., an adult dependent child, be joined as a party to the case. On March 18, 2011, the Father filed a withdrawal of his stipulation to add M.S. as a party and alleged that the court never entered an order adopting the stipulation. The Father also filed a renewed motion to dismiss the supplemental petition for modification of child support for failure to join M.S. as an indispensable party and for lack of jurisdiction.
The trial court entered an order on March 23, 2011, that dismissed the supplemental petition for lack of jurisdiction. The court found that M.S. could “maintain a separate and independent action to seek support from his parents as an adult dependent child due to his mental or physical incapacity” pursuant to section 743.07(2). Inexplicably, on the same day, March 23, 2011, the trial court entered an order granting the motion to join M.S. as a party. The Mother and M.S. filed a motion for rehearing regarding the dismissal of the supplemental petition which the trial court denied. They timely appealed the order dismissing the supplemental petition.
The Mother and M.S. contend on appeal that the trial court erred in dismissing the supplemental petition for lack of jurisdiction based on the court’s interpretation of section 743.07(2). Section 743.07(1) removes the disability of nonage for persons eighteen years of age or older. However, section 743.07(2) provides as follows:
(2) This section shall not prohibit any court of competent jurisdiction from requiring support for a dependent person beyond the age of 18 years when such dependency is because of a mental or physical incapacity which began prior to such person reaching majority or if the person is dependent in fact, is between the ages of 18 and 19, and is still in high school, performing in good faith with a reasonable expectation of graduation before the age of 19.
In a proceeding for modification of child support in a dissolution action, the Florida Supreme Court has recognized that “[cjhapters 61 and 743 of the Florida Statutes should be read together as related to child support and should be liberally construed to mitigate potential harm to children.” Wattenbarger v. Wattenbarger, 767 So.2d 1172, 1173 (Fla.2000) (quoting Boot v. Sapp, 714 So.2d 579, 580 (Fla. 4th DCA 1998)). In a paternity action, the court orders child support pursuant to the guidelines in section 61.30. § 742.031(1), Fla. Stat. (2008). As to jurisdiction in paternity actions, section 742.06 provides, “The court shall retain jurisdiction of the cause for the purpose of entering such other and further orders as changing circumstances of the parties may in justice and equity require.”
In Florida Department of Revenue ex rel. Lockmiller v. Lockmiller, 791 So.2d 552, 553 (Fla. 2d DCA 2001), this court *993 determined that the Department of Revenue had standing to seek child support, on the former wife’s behalf, after the child turned eighteen. There, the Department filed a supplemental petition for support and alleged “that the child was a dependent child beyond the age of eighteen who would graduate from high school prior to his nineteenth birthday.” Id. Because the Department stood in the place of the former wife, this court determined that the Department had standing. Id. This court also stated that “nothing in section 743.07(2) suggests that the former wife’s ability to seek support for the dependent child terminated on that child’s eighteenth birthday.” Id.; see also Campagna v. Cope, 971 So.2d 243, 249 (Fla. 2d DCA 2008) (stating, in a dissolution case involving retroactive child support, that under section 743.07(2) “the parent can file a petition seeking child support up and until high school graduation for the appropriate eighteen-year-old child”); Henderson v. Henderson, 882 So.2d 499, 499-500 (Fla. 1st DCA 2004) (recognizing that section 743.07(2) is to be liberally construed to provide support and determining that the mother was entitled to seek the modification of child support when the parties’ eighteen-year-old-daughter was still in high school and had a reasonable expectation of graduating before her nineteenth birthday). Thus, in Lockmiller this court reversed the dismissal of the supplemental petition for support and remanded for reinstatement of the petition. 791 So.2d at 553.
Similarly, M.S. was eighteen years old and in high school with a reasonable expectation of graduating before his nineteenth birthday when the Mother filed the supplemental petition. In addition, the Father does not dispute that M.S. has a physical incapacity which began before he
turned eighteen.[1] We conclude that the trial court had jurisdiction to consider the supplemental petition seeking a modification of support pursuant to section 743.07(2). Therefore, we reverse the order dismissing the supplemental petition and remand for reinstatement of the petition.
Reversed and remanded.
CRENSHAW and MORRIS, JJ„ Concur.

. Furthermore, the trial court entered an order adding M.S. as a party.