534 So.2d 925 (1988)
John A. SPRUNGER, Appellant,
v.
Jane F. SPRUNGER, Appellee.
No. 87-2339.
District Court of Appeal of Florida, Fourth District.
December 14, 1988.
F. Shields McManus of McManus, Stewart, Ferraro & Steger, P.A., Stuart, for appellant.
Kathryn M. Beamer of Slinkman & Thillman, P.A., West Palm Beach, for appellee.
ANSTEAD, Judge.
This is an appeal by a father from a final order entered in post-dissolution modification proceedings awarding support for a dependent adult child. We affirm.
John and Jane Sprunger were divorced in 1975. In the dissolution judgment Jane was given primary custody of their child, Andrew, and John was ordered to pay child support. At John's request, an order was entered in 1982 terminating his obligation to pay support because Andrew had reached majority. However, in 1985, an order was entered on Jane's petition for modification that required John to pay support by providing medical insurance for Andrew as long as Andrew was unemployed and remained disabled within the Social Security guidelines. John did not challenge the request or the court's jurisdiction to grant it. Jane subsequently petitioned the lower court for another modification of support based on Andrew's inability to care for himself. Upon final hearing, Jane presented expert and lay testimony that Andrew has suffered from epilepsy since birth, has substantial behavioral problems, and is functionally illiterate. At the *926 time of the hearing, Andrew was receiving a minimal salary doing nursery work at the T and M Ranch, a sheltered, supervised work environment for the mentally handicapped. Based upon this evidence, the court found Andrew to be a dependent adult and ordered John to carry Andrew on his medical insurance as a dependent, and that he pay all Andrew's reasonable medical expenses not covered by insurance.
John does not challenge the evidentiary basis of the court's finding of dependency. Instead, he raises several jurisdictional and standing arguments. He first argues that a mother does not have standing to seek modification of support for a dependent child. John claims that since Andrew is an adult, he alone, or a court-ordered guardian, must bring an action for his support. We have previously rejected such contentions. Brown v. Brown, 484 So.2d 1282 (Fla. 4th DCA 1986). See also section 743.07(2), Florida Statutes (specifically authorizes courts to order parental support for adult dependent children); Smith v. Smith, 495 So.2d 886 (Fla. 2d DCA 1986); Sudduth v. Scott, 394 So.2d 536 (Fla. 4th DCA 1981). John also contends that a dependency determination, and support based thereon, is not a proper subject to be heard in a dissolution proceeding. It has been well established in case law since the passage of section 743.07(2), Florida Statutes, that a finding of dependency, and support thereon, may be made in a dissolution hearing. See Finn v. Finn, 312 So.2d 726 (Fla. 1975); Fagan v. Fagan, 381 So.2d 278 (Fla. 5th DCA 1980); George v. George, 360 So.2d 1107 (Fla. 3d DCA 1978); Cyr v. Cyr, 354 So.2d 140 (Fla. 2d DCA 1978); Baldi v. Baldi, 323 So.2d 592 (Fla. 3d DCA 1975). Dissolution proceedings provide a logical forum for the resolution of support and dependency issues involving the children of the parties. See section 61.13, Florida Statutes.
John also contends that Jane does not have standing because Andrew was not residing with her. As noted, Jane was awarded custody at the time of dissolution. Since that time, Andrew has lived with her continuously except for periods of time when Jane was attempting to have him trained to live on his own, and he stayed with his sister or at the T and M Ranch. During all this time, Jane contributed significantly to Andrew's care and support. She has been and remains a primary caretaker. We do not believe she should lose her standing to seek support just because Andrew spent time in a sheltered work environment to learn how to be independent.
John finally argues that even if Jane has standing, and the court has jurisdiction, there was not a sufficient change in circumstances to warrant a modification in support. John's obligation to provide medical insurance terminated when Andrew was employed at the end of 1986. Since that time, Jane alone has had to pay for the counseling, and for the support of Andrew, in order to supplement the little income that he had. The record reflects that Jane runs a business out of her home and does not receive nearly the extensive income and benefits that the appellant receives as a long time employee of Pratt and Whitney, a local aircraft engine company. Andrew makes a minimal salary, and is required to pay rent while staying at the T and M Ranch. In our view these facts, in conjunction with the court's findings that Andrew is dependent, support the trial court's conclusion that there was a need for additional help from John and that he has the ability to meet that need. This is the primary test for determining if child support should be modified. Morse v. Morse, 191 So.2d 449 (Fla. 3d DCA 1966). The prior order was demonstrated to be insufficient when John was no longer required to keep Andrew on his medical insurance given the strict threshold provisions of the previous order.
We approve and affirm the trial court's order.
HERSEY, C.J., and DOWNEY, J., concur.