ALTENBERND, Judge.
Carol Harper appeals an order terminating her adult daughter’s status as a dependent child under section 743.07, Florida Statutes (1989). We reverse the order because the daughter, Amy Harper, was not a party to the proceeding in which she lost her rights to parental support. We hold that a competent adult, who is entitled to parental support, as a chapter 743 dependent, must be joined as an indispensable party in any action to terminate such support.
In June 1988, the trial court entered a final judgment of dissolution of marriage between Mr. and Mrs. Harper. In that judgment, the court determined that “Amy Harper, born on August 5,1973, is a dependent child not only due to her minority, but also due to the circumstances that have been set forth in detail in the report of Dr. Andriola.” The court directed a “review of her status” every two years. Mr. Harper was ordered to pay $500 monthly as child support.
In December 1990, Mrs. Harper filed a “motion for review.” This motion alleges that Amy Harper is now 18 and in need of additional support.[1] The trial court decided that a petition to modify was the correct method to review the earlier order, and Mrs. Harper filed that petition requesting an increase in support. Mr. Harper never filed a counterpetition to terminate support for Amy Harper. Neither parent served Amy Harper with any pleading adding her as a party to this dispute or advising her that her support could be terminated rather than increased. After an evidentiary hearing, the trial court entered an order declaring that Amy Harper was no longer dependent and terminating her support.
Amy Harper is a competent, legal adult. Although she was declared a dependent “because of a mental or physical incapacity which began prior to [her] reaching majority,” § 743.07(1), Fla.Stat. (1989), she has never been declared “incapacitated” in order to establish a legal guardianship. See §§ 744.102(10), 744.3201, Fla.Stat. (1989). Both chapters 743 and 744 now use the term “incapacity,” but it seems clear that a broader definition is intended for that term in section 743.07(1) than in chapter 744. Thus, the legislature has created a structure in which an adult can be “dependent” for purposes of parental support, but legally independent for all other purposes.
We emphasize that this is a proceeding to terminate parental support to a dependent, but competent, adult child. It is not merely a proceeding to enforce an existing support order. Florida’s courts have struggled with the issue of who has standing to enforce support orders after a child has become an adult. In this district a parent of such an adult dependent child has *519 standing to seek increases in support and to enforce support orders for the benefit of the adult child, Smith v. Smith, 495 So.2d 886 (Fla. 2d DCA 1986). See also Sprunger v. Sprunger, 534 So.2d 925 (Fla. 4th DCA 1988); Fagan v. Fagan, 381 So.2d 278 (Fla. 5th DCA 1980). But see Cronebaugh v. Van Dyke, 415 So.2d 738 (Fla. 5th DCA 1982) (when disability of nonage is removed by child attaining 18 years of age, parent does not have standing to sue to enforce support obligation), petition for review denied, 426 So.2d 25 (Fla.1983). Once a dependent child becomes an adult, however, it seems clear that he or she also has standing to bring an action to enforce a support order and to recover a judgment in his or her own name. See Brown v. Brown, 484 So.2d 1282 (Fla. 4th DCA 1986). Although such benefits are frequently administered by one of the parents, the adult child clearly has rights concerning these benefits. In a ease involving an adult child who suffered from quadriplegia, for example, it is likely that a support order could continue for the entire life of the adult child, even after the death of the parent who had initially administered the payments.
We conclude that a competent adult, who is entitled to parental support as a chapter 743 dependent, is an indispensable party to any action to terminate such benefits. See Alger v. Peters, 88 So.2d 903 (Fla.1956); State, Dep’t of Health & Rehabilitative Servs. v. State, 472 So.2d 790 (Fla. 1st DCA 1985); Hallmark Builders, Inc. v. Hickory Lakes of Brandon, Inc., 458 So.2d 45 (Fla. 2d DCA 1984). A complete and efficient determination of the cause cannot be had in the absence of such an adult dependent child because any order that is entered is only binding on the parents, not the adult child.
An adult child’s practical need to participate separately in such a hearing is demonstrated by this case. It is not uncommon for parties in a divorce proceeding to have strong feelings concerning one another that blur their ability to objectively assist their children in making future plans. For whatever reason, neither parent in this case has suggested a future program for Amy Harper that is realistic from an objective viewpoint. This young woman has a low I.Q. and some learning disabilities, but did attend high school and has worked part-time. From her brief appearance to testify in the trial court, it is clear that she is motivated and believes she can succeed in this world with a little additional assistance over the next few years. Nevertheless, with only modest investigation of the program, Mrs. Harper proposes spending sizable sums of the former husband’s money on an exclusive private school in New England for young adults with special needs. Mr. Harper, on the other hand, hopes this young woman can get a job earning minimum wage with a fast food franchise and somehow survive on her own. Even with a modest I.Q. and some learning disabilities, Amy Harper may be able to suggest a better short-term solution which the trial court would find acceptable.
Reversed and remanded for further proceedings consistent with this opinion.
LEHAN, C.J., and PATTERSON, J., concur.

. The order on appeal in this case states that Amy Harper was born on August 5, 1972. It is unclear from our record whether the first or second order correctly states her date of birth.