HARRIS, J.
The issue in this ease is whether the divorce court which had previously ordered support for the children of the parties without specifying that support would continue after a disabled child became of age had jurisdiction to amend a final judgment to grant continuing support and to increase the amount of support for a dependent child when the petition to amend was filed during the child’s minority. We answer in the affirmative and affirm the trial court.
In the initial dissolution action, pursuant to a marital, settlement agreement which was incorporated into the final judgment of dissolution, the father was awarded custody of Meleny, the older, disabled daughter, and the mother was awarded custody of the three other younger children. The settlement agreement expressly recognized that Meleny “is a handicapped child and is totally non-communicative.” The husband was required to pay $1,248 per month as support, which was the guideline amount less credit for the support of Mele-ny. Although Meleny is microeephalic and is totally physically and mentally disabled, requiring round-thé-elock care, the final judgment made no mention of post-majority support. The final judgment contains an express reservation of jurisdiction.
Sometime before Meleny became of age, the father petitioned for a modification of the judgment seeking increased credit for Meleny’s support because of changed conditions and asking that the support levied against the mother continue after Meleny was of age. The court’s order granting the father’s petition was not entered until Meleny was over eighteen.
The mother relies on Brown v. Brown, 714 So.2d 475 (Fla. 5th DCA 1998), for the proposition that the jurisdiction of a dissolution court to modify child support terminates after the child attains majority. Brown does not apply here because Mele-ny was effectively adjudicated dependent in this cause prior to reaching the age of majority. Moreover, the instant petition by the father was filed before that time. The court’s order in respect to that petition relates back to the date of filing the petition. Because the court had jurisdiction over Meleny at the time the petition was filed, section 743.07(2), Fla. Stat. (1999), authorized[1] the court to require *363 support for a dependent child “beyond the age of 18 years when such dependency is because of mental or physical incapacity which began prior to such person reaching majority.”
We find appellant’s other points on appeal without merit.
AFFIRMED.
COBB and PALMER, JJ., concur.

. It should be noted that section 743.07 does not itself grant parental support to dependent children; it merely provides that in those cases in which the child remains dependent because of physical or mental disabilities, the fact of majority will not prevent a court otherwise having jurisdiction from granting continuing parental support after the age of majority. The term "child” has a dual meaning. It can mean one not yet of age or it can merely mean the son or daughter of human parents. In a true sense, Meleny and her siblings will always remain the child or children of her parents. Since the divorce court has jurisdiction to award support for children (and there is no limitation contained in chapter 61 relating to the age of the child), and since chapter 61 specifically gives the court “continuing jurisdiction” to modify "the amount and terms and conditions” of the support obligation when in the best interest of the child, and since reaching majority does *363 not prevent the court from doing so in this case, the court herein had proper jurisdiction.