799 So.2d 263 (2001)
Larry BATOR, Appellant,
v.
Sandra OSBORNE, Appellee.
No. 2D00-1825.
District Court of Appeal of Florida, Second District.
August 24, 2001.
*264 Larry Bator, pro se.
Debra A. Rowe, Fort Myers, for Appellee.
DAVIS, Judge.
Larry Bator challenges the trial court's order requiring him to pay one-half of his child's day care costs. Because the court's order was not properly entered pursuant to section 61.30, Florida Statutes (1999), we reverse.
Bator and Sandra Osborne were divorced in 1999. By the terms of the divorce decree, Osborne was awarded primary residential responsibility of their minor child and Bator was ordered to pay $300 a month child support. Subsequently, Osborne filed a contempt action seeking to collect alleged child support arrearage. As a part of her amended motion for contempt, Osborne requested that Bator be ordered to pay day care costs for the child. The trial court's order on the contempt motion required Bator to pay one-half of the day care costs in addition to the previously ordered child support. Bator moved for rehearing, and the trial court denied his request. Bator then filed this appeal.
The trial court erred in ordering the payment of the day care costs and in denying the motion for rehearing. First, since Osborne did not file a petition for modification alleging substantial change of circumstances, it is questionable whether the issue of modification was properly before the court. See Dep't. of Revenue v. Kiedaisch, 670 So.2d 1058 (Fla. 2d DCA 1996). Secondly, she did not file the required financial affidavit showing her income. See § 61.30(14), Fla. Stat. (1999). The fact that she had obtained employment since the final judgment should have been considered by the court. Additionally, section 61.30(7) requires the trial court, in apportioning child care costs, to reduce the total of those costs by twenty-five percent and then add the remainder to the basic obligation, which is then apportioned pursuant to statute. Not only was it questionable whether the trial court had the issue of modification of child support before it, but the court failed to follow the statutory requirements in addressing the request.
Because of these errors, we reverse without prejudice to Osborne's filing a proper petition for modification, along with the required affidavit, so that the court may properly recalculate the parties' child support obligations in accord with the statute and the facts.
Reversed.
BLUE, C.J., and THREADGILL, J., Concur.