BENTON, J.
Lucia Faye Henderson appeals the dismissal with prejudice of her petition to modify the order requiring Michael Rex Henderson to contribute to the support of their child. We reverse and remand with directions that she be allowed to amend the petition to modify.
When the parties’ marriage was dissolved, Mr. Henderson was ordered to make child support payments until his daughter’s eighteenth birthday. Thereafter, Mrs. Henderson filed a petition to modify, alleging that the parties’ then eighteen-year-old daughter was still in high school, with a reasonable expectation of graduating in May of 2003, before her nineteenth birthday. “A parent of a de *500 pendent, adult child is the proper party to seek support for that child.” Smith v. Smith, 495 So.2d 886, 886 (Fla. 2d DCA 1986); accord Sprunger v. Sprunger, 534 So.2d 925, 926 (Fla. 4th DCA 1988). But see Taylor v. Bonsall, 875 So.2d 705, 709-10 (Fla. 5th DCA 2004); Brown v. Brown, 714 So.2d 475, 477 (Fla. 5th DCA 1998).
Section 743.07(2), Florida Statutes (2003), which is to be read in conjunction with chapter 61 of the Florida Statutes as it relates to child support, see Wattenbarger v. Wattenbarger, 767 So.2d 1172, 1173 (Fla.2000), provides:
This section shall not prohibit any. court of competent jurisdiction from requiring support for a dependent person beyond the age of 18 ... if the person is dependent in fact, is between the ages of 18 and 19, and is still in high school, performing in good faith with a reasonable expectation of graduation before the age of 19.
These statutes “should be interpreted liberally in order to provide such support, thereby mitigating any potential harm to the child resulting from the lack of support.” Hill v. Hooten, 776 So.2d 1004, 1008 (Fla. 5th DCA 2001).
While the petition was technically deficient — for one thing, no financial affidavit was attached, as required by section 61.30(14), Florida Statutes (2003) — dismissal without leave to amend was not justified. See Owens v. Ridley, 870 So.2d 886, 887 (Fla. 1st DCA 2004); Obenschain v. Williams, 750 So.2d 771, 772-73 (Fla. 1st DCA 2000); see also Bator v. Osborne, 799 So.2d 263, 264 (Fla. 2d DCA 2001) (reversing “without prejudice to Osborne’s filing a proper petition for modification along with the required affidavit, so that the court may properly recalculate the parties’ child support obligations in accord with the statute and the facts”).
Accordingly, we reverse and remand with directions that Lucia Faye Henderson be allowed to file an amended petition for modification of child support, which would relate back to the date on which the original modification petition was filed. See Fla. Fam. L.R.P. 12.190; Fla. R. Civ. P. 1.190(c). See also § 61.14(l)(a), Fla. Stat. (2003) (“[T]he court may modify an order of support ... retroactively to the date of the filing of the action ... for modification....”); Robinson v. Robinson, 657 So.2d 958, 960 (Fla. 1st DCA 1995) (holding “that the trial court abused its discretion in failing to make the order granting increased child support retroactive to the date of the filing of the petition for modification because the undisputed evidence demonstrate^] the need for support, and the husband’s ability to pay existed at the time of the filing of the petition”).
Reversed and remanded.
BROWNING and POLSTON, JJ., concur.