ALTENBERND, Judge.
Ronald George Gamache appeals an enforcement order entered in this postdisso-lution proceeding. The trial court’s order set aside an earlier civil contempt order and refused to consider a child visitation dispute on the ground that the trial court lacked subject matter jurisdiction. We affirm. The “child” in this case is now a legal adult residing in Kansas. Although the trial court properly awarded long-term child support in 1992 for this couple’s child pursuant to section 743.07(2), Florida Statutes (1992), it could not retain jurisdiction to resolve visitation issues concerning this child now that he is a legal adult and not a party to these proceedings.
Ronald and Clara Gamache obtained a final order of divorce in Pinellas County in 1992. The final judgment provided for shared parental responsibility and gave the former wife primary residential responsibility for the couple’s six minor children. One of the children, Jonathan Ronald Gamache, was described as a “special child” who would remain dependent beyond his eighteenth birthday. In 1995, the former wife moved to Kansas with Jonathan and the other children. In 2001, Jonathan turned eighteen.
In 2005, the parties entered into a stipulation for a modification of the final judgment. As a result, the circuit court entered an unopposed “Supplemental Final Judgment” that established a rotating custody arrangement. Under this arrangement, Jonathan, in each sixty-day period, would live in Kansas for thirty-two days and then in Florida for twenty-eight. The former wife apparently did not abide by these terms, and, in 2006, the circuit court entered an order of civil contempt against her.
This ease was thereafter assigned to Judge Walt Logan. When the former husband moved to enforce the order of civil contempt, Judge Logan recognized that Jonathan was an adult residing in Kansas and questioned his authority over these issues. He issued an order to show cause why the court had authority at any time after Jonathan became a legal adult to issue orders providing for his custody or visitation. After obtaining responses, he issued the order setting aside the contempt order entered in 2006 and declining to exercise continuing jurisdiction over these visitation or custody disputes.
The former husband appeals, arguing that the Florida court has jurisdiction indefinitely to enforce visitation between the couple as to this “special child” because it awarded long-term child support pursuant to section 743.07(2). We disagree.
Jonathan is not a child for purposes of the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) because he is over the age of eighteen. See § 61.503(2), Fla. Stat. (2008). The language used in the final judgment, “special child,” is not recognized in statutory or case law as a category by which a person remains a child indefinitely. From the content of the record and from discussion *1238 at oral argument, it is apparent that Jonathan has some level of mental incapacity. He has, however, never legally been declared to be incapacitated or incompetent in either Florida or Kansas. No one has established a guardianship for him. At this point, such a proceeding would appear to be a matter for the courts in Kansas under the applicable Kansas law.[1]
For purposes of Florida law, Jonathan is currently a competent, legal adult. Neither parent can control his social visitation schedule because he has not been declared incapacitated as to those types of decisions. Legally, the judgment of dissolution has not been a basis for either parent to have “custody” of him since he became an adult. He continues to possess the right to receive child support from his parents under the Florida judgment, but that right belongs to him. See Fox v. Haislett, 388 So.2d 1261, 1266 (Fla. 2d DCA 1980) (quoting Armour v. Allen, 377 So.2d 798 (Fla. 1st DCA 1979)). In any proceeding addressing child support, he would now be an indispensable party. Compare Harper v. Harper, 608 So.2d 517, 519 (Fla. 2d DCA 1992) (holding that a competent adult, who is entitled to parental support as a chapter 743 dependent, is an indispensable party to any action to terminate such benefits).
Thus, the trial court was correct in ruling that it lacked subject matter jurisdiction over these visitation and custody issues.[2] It is also appropriate to observe that it lacked personal jurisdiction over the adult child who was ordered to travel back and forth between Florida and Kansas in the supplemental final judgment entered in 2005. The trial court should be commended for discovering this jurisdictional deficiency. Hopefully, the parties can cooperate to solve the problems presented by their son’s unresolved legal status.
Affirmed.
VILLANTI and KHOUZAM, JJ., Concur.

. Kansas Statute Annotated section 59-3058(a)(1) (2008) provides:
Any person may file in the district court of the county of residence of the proposed ward or proposed conservatee or of any county wherein the proposed ward or proposed conservatee may be found, a verified petition requesting the appointment of a guardian or a conservator, or both, for an adult with an impairment in need of a guardian or conservator, or both. If the proposed conservatee is not a resident of or present within the state of Kansas, such petition may be filed in the district court of any county in which any property of the proposed conservatee is situated.

. A circuit court is a court of general subject matter jurisdiction. If Jonathan still resided in Florida, it is possible that the circuit court could have subject matter jurisdiction over such a dispute, but as a proceeding in the guardianship/probate division and not in the family law division. See, e.g., Lewis v. Dep't of Soc. Servs., 61 S.W.3d 248, 252 (Mo.Ct.App. 2001) (explaining the division of jurisdiction within a Missouri court over child support and visitation for a similar adult incapacitated child).