DAVIS, Judge.
 

 Alvin L. Phillips, the Former Husband, challenges the final order of dissolution of his marriage to Lovella Phillips, the Former Wife, as well as subsequent amendments to that order. We affirm the final judgment. However, we write to clarify that the plain reading of the final judgment of dissolution allows the Former Husband the right to seek a partition of the marital home if it has not been sold by the time the parties’ son turns eighteen years old.
 

 On appeal, the Former Husband argues that the awarding of the exclusive use of the marital home to the Former Wife for use by her and the minor child until he is no longer dependent — a date that is speculative under the facts of this case — was error in that it was not for a specific period of time and indefinitely limited the Former Husband’s right as a cotenant to seek partition of the jointly owned property. We do not agree.
 

 The parties’ minor child has certain physical and other limitations. The evidence in the record suggests that both parties question whether the child will actually become independent upon reaching his eighteenth birthday. However, neither party asked the trial court to make such a determination, and indeed the final judgment does not include any such finding. Accordingly, a plain reading of the final judgment indicates that unless there is further order of the court, the child will no longer be considered dependent upon his eighteenth birthday. Therefore, at that time, the Former Husband’s child support obligations will cease and the Former Wife’s exclusive use and possession of the marital home — the factor limiting the Former Husband’s right to seek partition— will necessarily terminate. At that time, the parties may either reach an agreement to sell the property or may force the sale through a partition.
 
 See Salyers v. Good,
 
 443 So.2d 152, 154 (Fla. 2d DCA 1983) (“Upon the failure to effect an agreeable sale within a reasonable time, either party had a right to force a sale through partition.”).
 

 
 *905
 
 Because the final judgment sets an end date for the Former Wife’s exclusive use and possession of the marital home, the trial court did not err in making such an award.
 
 [1]
 

 See Cone v. Cone,
 
 449 So.2d 867, 869 (Fla. 5th DCA 1984) (“The exclusive possession should be for a specified period of time required for the purpose stated.”);
 
 see also Duncan v. Duncan,
 
 379 So.2d 949, 958 (Fla.1980) (“The trial judge in this instance balanced the needs of the parties and determined that this plan would provide stability for the entire family until the children reached majority. The award of exclusive possession merely tolled the time for the final disposition of the real property acquired during the marriage until the youngest child reaches majority. We find that there was a demonstrated need for this exclusive possession award, which is directly connected with the support provisions of this final judgment.”). As such, we affirm that portion of the final judgment.
 

 The Former Husband also argues that the trial court improperly exceeded child support guidelines by requiring that he pay half of the mortgage obligation on the marital residence. He maintains that this is inconsistent with the trial court’s explicit finding that the upward departure requested by the Former Wife was not warranted. We conclude that this argument is without merit.
 

 The guidelines are only exceeded if the Former Husband’s share of the mortgage is considered part of his child support obligation. The trial court specifically stated, however, that such was not the case, and we would note that the Former Husband retains an equity interest in the martial home during the time he is ordered to pay mortgage expenses incident to his child support obligation. Even in light of the court’s consideration that the amount was incident to child support, it does not appear that there was an abuse of discretion in the decision that the Former Husband should be responsible for half of the mortgage for a specified period of time.
 
 Cf. Duncan,
 
 379 So.2d at 953. Additionally, the final judgment’s silence on a continuing obligation of support after the child’s eighteenth birthday results in the Former Husband’s obligation to pay one-half of the expenses of the residence also terminating upon the child’s eighteenth birthday.
 
 See generally Taylor v. Bonsall,
 
 875 So.2d 705, 709 (Fla. 5th DCA 2004).
 

 Thus, without further order of the trial court, upon the minor’s reaching his eighteenth birthday, the Former Husband’s obligation for child support — including the incidental obligation of the payment of a portion of the expenses of the residence— shall terminate. Likewise, the limitation on the Former Husband’s rights as a co-tenant will expire, and the Former Husband may then exercise his rights as a cotenant to seek a partition of the residence.
 

 Affirmed.
 

 WHATLEY and CRENSHAW, JJ., Concur.
 

 [1]
 

 . Although it is clear that both parties will most likely incur long-term support obligations for the son, the exact nature of those obligations is speculative at this point and will remain so until such time as an action to determine the son's rights to support as a dependent adult is brought.
 
 See generally Hastings v. Hastings,
 
 841 So.2d 484, 486 (Fla. 3d DCA 2003) (“[A] dependent person may bring an independent action to enforce her or his right to support from his or her parents.”).