ON MOTION FOR REHEARING
PER CURIAM.
On motion for rehearing, the Department of Revenue seeks clarification of our prior opinion in this case. We grant the Department’s motion, withdraw our prior opinion; and substitute this opinion in its place.
Frank Larwa appeals a final order that extended his child-support obligation to his eighteen-year-old son based upon the son’s mental disability. The Department concedes error.
Generally, a parent’s child-support obligation ceases when the child turns eighteen. See Perla v. Perla, 58 So.2d 689, 690 (Fla.1952). An exception to this general rule exists if the dependent person is between the ages of eighteen and nineteen and still in high school, or if the dependent is mentally or physically incapacitated. See § 743.07(2), Fla. Stat. (2014). Here, the extension of child support was based not on the son’s school attendance, but on his mental incapacity. In cases such as this one, once the child is emancipated, the trial court loses subject-matter jurisdiction to modify or extend child support within the existing child-support case.. See Taylor v. Bonsall, 875 So.2d 705 (Fla. 5th DCA 2004); Brown v. Brown, 714 So.2d 475 (Fla. 5th DCA 1998). However, an independent action may be brought to adjudicate support of a dependent who has reached the age of majority. Brown, 714 So.2d at 477. That cause of action belongs to the dependent person, who may bring the action in accordance with Florida Rule of Civil Procedure 1.210(b). Id.
Under these principles, the trial court in this case lacked subject-matter jurisdiction to extend Larwa’s child-support obligation. Accordingly, we reverse.
REVERSED.
PALMER, COHEN, and BERGER, JJ., concur.