NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


JORGE LOZA,                                         )
                                                   )
              Appellant,                           )
                                                   )
v.                                                 )        Case No. 2D15-3235
                                                   )
GEORGINA MARIN,                                    )
                                                   )
              Appellee.                            )
                                                   )
_____   )

Opinion filed August 12, 2016.

Appeal from the Circuit Court for Polk
County; Catherine L. Combee, Judge.

Javier D. Alvarez, Kissimmee, for Appellant.

Jean Marie Henne of Jean M. Henne, P.A.,
Winter Haven, for Appellee.


BADALAMENTI, Judge.

            This is an appeal from a final judgment denying the petition of Jorge Loza

(Husband) to modify child support and granting the counter-petition of Georgina Marin

(Wife) to modify child support.  The dispositive issue on appeal is whether the trial court

had subject matter jurisdiction to modify Husband's child support obligation pursuant to

section 743.07, Florida Statutes (2013), where Wife's counter-petition for modification of

child support was filed after the dependent child reached the age of majority.  We hold

that Wife's counter-petition for modification of child support was untimely. The trial court lacked jurisdiction to extend Husband's child support obligation beyond the dependent child's eighteenth birthday. We therefore reverse the trial court's modification order and remand for further proceedings consistent with this opinion.

## I. FACTS AND PROCEDURAL BACKGROUND

Husband and Wife married and subsequently had two children: an older son and a younger daughter. On May 19, 2009, when the son was approximately fifteen years old, he suffered a head injury during exercises for the Junior Reserve Officers' Training Corps (JROTC) in his high school. Approximately three months after the injury, the son suffered his first epileptic seizure, apparently caused by a "calcification" in the frontal lobe of his brain. He was prescribed medication to help control any future seizures.

Approximately one year after the son's head injury, Wife filed a petition for dissolution of marriage. In Section IV of her petition, Wife requested that the trial court award her child support, to be paid beyond the son's eighteenth birthday "[b]ecause he has epilepsy, seizures and requires medication." On October 15, 2010, the dissolution court issued a final judgment of dissolution. This judgment incorporated by reference a Mediated Settlement Agreement (MSA) between Husband and Wife. Paragraph 13 of the MSA provides, "The husband shall pay guideline child support starting September 1st and there shall be no retroactive child support." In addition, a document entitled "Schedule A" was attached to the judgment of dissolution. Schedule A obliges Husband

to pay child support for his two children in the aggregate amount of $580 per month.[1] The first paragraph of Schedule A provides, "Child Support payments shall continue [until] the child becomes self-supporting, marries, dies, reaches the age of eighteen (18), or if enrolled in high school and expected to graduate before the nineteenth (19) birthday, then through the date of graduation or until further order of the Court." Neither the MSA nor Schedule A mentioned the son's medical condition in any way.

Toward the end of the son's senior year of high school, he was admitted to Tampa General Hospital for surgery to remove the "calcification" in his brain, which was determined to be a benign tumor. Despite undergoing surgery to remove the tumor, the son laudably graduated from high school in May 2012. On December 7, 2012, the son turned eighteen years old.

Approximately five months after the son turned eighteen, Husband filed a "Supplemental Petition for Modification," arguing that because the son graduated high school and turned eighteen, Husband's obligation to pay child support for his son should be terminated. On August 6, 2013, Wife filed a pro se response to Husband's petition in the form of a letter. The letter explained that the son suffered a serious injury while in high school and Husband's child support payments are crucial in paying for the son's continuing treatment. Shortly after filing this pro se response, Wife rehired the counsel who represented her during the initial marital dissolution.

The trial court construed Wife's pro se letter as a counter-petition to extend child support due to the son's mental or physical incapacitation pursuant to

---

[1]Schedule A does not parcel out the child support amounts owed for each of the two children. Instead, it merely orders the payment of the aggregate monthly sum of $580 per month.

section 743.07. Husband thereafter filed a motion to dismiss Wife's counter-petition for modification, arguing that Wife's counter-petition was untimely because the son had already graduated from high school and turned eighteen. Therefore, Husband argued that the trial court had no jurisdiction to modify his child support obligation to his son because that obligation had already lapsed.

The trial court issued an order denying Husband's motion to dismiss. The order was grounded in the trial court's understanding that it retained continuing jurisdiction to modify the child support obligation, based on the phrase "until further order of the Court" contained in Schedule A, as well as the statutory language concerning continuing jurisdiction in section 61.13(1)(a)(2), Florida Statutes (2010).

Husband moved for the trial court to reconsider its denial of his motion to dismiss. Husband argued that continuing jurisdiction to modify an order is irrelevant when the order has already lapsed. In other words, he contended that Schedule A and section 61.13(1)(a)(2) allowed the trial court to extend a child support obligation only while the obligation was still in force pursuant to the underlying child support order. And, because Husband's obligation to pay child support for his son ceased when the son graduated from high school and turned eighteen, the trial court's jurisdiction to extend that obligation also ended.

The trial court heard testimony and argument as to Wife's petition to modify and Husband's motion for reconsideration. During the hearing, Wife testified that the tumor which was removed from the son's brain in 2012 regrew and became cancerous in 2014. The reappearance of the tumor required the son to undergo additional surgery in May 2014, followed by a course of chemotherapy. Wife testified

- 4 -

that, as of the time of the hearing, the son was unable to maintain a full workload at his community college because chemotherapy exhausted him. Wife further testified that the son is unable to drive due to trembling in his left hand (caused by his brain problems) as well as his continued risk of seizures, even though he was licensed to drive. Wife also testified that the son is unable to hold a job. However, Wife acknowledged that chemotherapy and medication had mitigated the frequency of the son's seizures to approximately two per year and that he had not suffered a seizure since his second surgery in May 2014.

Husband testified that he was aware of the son suffering a head injury prior to the divorce. However, Husband denied that the son was "disabled" at the time of his injury, or indeed that the son had ever been "disabled." Husband testified that he did not help Wife pay any of the son's medical bills, even before the son's eighteenth birthday, and admitted that he did not have a good understanding of his son's medical condition.

The trial court subsequently denied Husband's motion for reconsideration and issued a final judgment denying Husband's supplemental petition and granting Wife's counter-petition. The text of the final judgment quotes the first paragraph of Schedule A, but with the following bolded emphasis: "Child Support payments shall continue [until] the child becomes **self-supporting**, marries, dies, reaches the age of eighteen (18), or if enrolled in high school and expected to graduate before the nineteenth (19) birthday, then through the date of graduation **or until further order of the Court**." Paragraph six of the final judgment highlights that, although the son suffered his initial injury prior to the marital dissolution, the "extent of [the son's] medical

problems were not known until on or about February 28, 2012." The final judgment orders Husband to continue paying child support for his son until further order of the court, and to split the medical expenses of his minor children with Wife on a pro rata basis. Husband now appeals, arguing that the trial court did not have jurisdiction to extend child support beyond the age of majority. We agree and reverse.

## II. ANALYSIS

### A. The Textual Framework of Sections 61.13(1)(a) and 743.07

Section 61.13(1)(a)(1)(a) states that "[a]ll child support orders entered on or after October 1, 2010, must provide . . . for child support to terminate on a child's eighteenth birthday, unless the court finds or previously found that s. 743.07(2) applies, or is otherwise agreed to by the parties." In similar fashion, section 61.13(1)(a)(2) provides:

> The court initially entering an order requiring one or both parents to make child support payments has continuing jurisdiction after the entry of the initial order to modify the amount and terms and conditions of the child support payments if the modification is found by the court to be in the best interests of the child; when the child reaches majority; if there is a substantial change in the circumstances of the parties; if s. 743.07(2) applies; or when a child is emancipated, marries, joins the armed services, or dies. The court initially entering a child support order has continuing jurisdiction to require the obligee to report to the court on terms prescribed by the court regarding the disposition of the child support payments.

(Emphasis added.) Finally, section 743.07 reads, in pertinent part:

> (1) The disability of nonage is hereby removed for all persons in this state who are 18 years of age or older, and they shall enjoy and suffer the rights, privileges, and obligations of all persons 21 years of age or older . . . .

- 6 -

(2) This section shall not prohibit any court of competent jurisdiction from requiring support for a dependent person beyond the age of 18 years when such dependency is because of a mental or physical incapacity which began prior to such person reaching majority or if the person is dependent in fact, is between the ages of 18 and 19, and is still in high school, performing in good faith with a reasonable expectation of graduation before the age of 19.

Working in concert, these statutes provide clear directives for the termination and modification of support orders. Child support orders are required pro forma to terminate upon a child reaching majority, unless section 743.07(2) applies or the parties agree otherwise. § 61.13(1)(a)(1)(a). While a child support order is in force, a court has continuing jurisdiction to modify the order under a variety of circumstances. § 61.13(1)(a)(2). Although "[t]he disability of nonage" disappears for all Floridians who are eighteen years or older, a trial court may still modify an operative child support order to require support "beyond the age of 18 years" for a dependent person if: (1) the dependency is due to mental or physical incapacity which began prior to the person reaching majority; or (2) "the person is dependent in fact, is between the ages of 18 and 19, has not graduated high school, and is expected to graduate some time "before the age of 19." § 743.07(1)-(2).

**B. The Presumption of Independence Upon Reaching the Age of Majority**

"As a general rule, the legal duty of a parent to support his child ceases at the age of majority." Willens v. Garcia, 53 So. 3d 1113, 1116 (Fla. 3d DCA 2011) (citing Kern v. Kern, 360 So. 2d 482, 484 (Fla. 4th DCA 1978)); see also Perla v. Perla, 58 So. 2d 689, 690 (Fla. 1952). This rule does not conflict with the previously discussed statutory authority. In fact, it is contemplated by the plain language of section 743.07(1), which merely lowered the age of majority from twenty-one to eighteen. See

Finn v. Finn, 312 So. 2d 726, 727-28 (Fla. 1975); see also Hastings v. Hastings, 841 So. 2d 484, 485 (Fla. 3d DCA 2003) (explaining that the legislature did not seek to create a new right with section 743.07(1), but rather to save a preexisting common law right).

The concept of continuing jurisdiction also abides by this rule.  A court possesses continuing jurisdiction to modify a support award, but only during the period provided for support.  See Mouton v. Mouton, 590 So. 2d 40, 41 (Fla. 2d DCA 1991) (en banc) (demonstrating this principle in the context of an alimony award); Kelsey v. Kelsey, 636 So. 2d 77, 78 (Fla. 4th DCA 1994) (en banc) (same).  Unless otherwise agreed to by the parties, or unless section 743.07(2) applies, the period for providing support to a dependent child continues only until the child reaches the age of majority. § 61.13(1)(a)(1)(a).  Accordingly, a "final judgment's silence on the continuing obligation of support after the child's eighteenth birthday results in the Former Husband's [support] obligation . . . also terminating upon the child's eighteenth birthday."  Phillips v. Phillips, 83 So. 3d 903, 905 (Fla. 2d DCA 2012) (citing Taylor v. Bonsall, 875 So. 2d 705, 709 (Fla. 5th DCA 2004)).

## C. The Jurisdictional Limits of Section 743.02(2)

Florida courts have long grappled with whether or not a petition under section 743.07(2) may be used to extend support for an incapacitated child beyond the age of majority even if the petition has been filed after the support obligation has terminated.  In Brown v. Brown, 714 So. 2d 475, 476 (Fla. 5th DCA 1998), a husband and wife divorced and entered into a settlement agreement.  The settlement agreement provided that the husband would pay the wife child support for their only daughter until

the daughter married, reached the age of twenty-one, or became self-sufficient. Id. In 1995, when the daughter was twenty-six years old, the wife petitioned to extend child support because the daughter was "diagnosed with cerebral palsy and mental retardation" prior to the final judgment of divorce. Id. The trial court dismissed the petition, holding that it did not have jurisdiction because the child had already reached the age of twenty-one several years earlier. Id. at 476-77. The Fifth District affirmed, reasoning that the husband's obligation had expired and that an independent action must be brought by the adult dependent child pursuant to Florida Rule of Civil Procedure 1.210(b). Id. at 477.

In Ruiz v. Ruiz, 783 So. 2d 361, 362 (Fla. 5th DCA 2001), the husband and wife entered into a dissolution agreement which recognized that one of their daughters "is a handicapped child and is totally non-communicative." Husband was required to pay $1248 for the affected daughter's support. Id. However, the final judgment of dissolution did not mention postmajority child support. Id. Before the affected daughter reached the age of majority, the husband petitioned to modify his support obligation, but the trial court's order granting the husband's petition was not entered until the daughter was older than eighteen. Id. The wife appealed, relying on the Fifth District's previous decision in Brown. Ruiz, 783 So. 2d at 362. However, the Fifth District held that it was proper to allow for extension of child support, where: (1) the husband petitioned for such modification before the child reached majority, but the order was not rendered until after; and (2) the marital settlement agreement expressly recognized that the child was handicapped, which "effectively adjudicated" the issue. Id. at 362-63.

In <u>Taylor</u>, a husband and wife executed a dissolution agreement which specifically recognized that the husband's child support obligation would terminate "as each child attains the age of eighteen (18), marries, becomes self-supporting, enters the military service or departs this life, whichever event shall occur first." 875 So. 2d at 706. Prior to the dissolution, one of the couple's daughters had suffered "irreversible impairment of her brain function." <u>Id.</u> Some years later, husband and wife added a stipulation to their settlement agreement, which reiterated that the husband's child support obligation will terminate upon the children's eighteenth birthday, unless wife is able to "obtain an order of the court prior to those dates [the children's eighteenth birthdays] to extend the child support obligation." <u>Id.</u> Before the affected daughter turned eighteen, the wife petitioned to extend child support but the order was not rendered until nearly a year after the daughter had turned eighteen. <u>Id.</u> at 707. The trial court, relying on <u>Ruiz</u>, ruled that the couple's stipulation did not preclude an extension of child support. <u>Taylor</u>, 875 So. 2d. at 706. On appeal, the Fifth District reversed. Even though the wife in <u>Taylor</u> had filed a petition for modification prior to the child turning eighteen, the Fifth District stated that this was irrelevant because: (1) the portion of the <u>Ruiz</u> opinion stating that untimely modification orders related back to otherwise timely petitions was dicta; and (2) the dispositive factor in <u>Ruiz</u> was that the child had been "effectively adjudicated dependent" prior to reaching majority. <u>Taylor</u>, 875 So. 2d. at 709 & n.3 (emphasis added). In other words, according to the <u>Taylor</u> court, the crucial issue is whether a child's continuing dependence after majority was adjudicated before the child reached the age of majority.

**D. Subject Matter Jurisdiction in the Present Case**

- 10 -

Here, Wife did not file a petition to modify child support for the son pursuant to section 743.07(2) until her letter of August 6, 2013. This means that Wife's petition was filed approximately seven months after the son turned eighteen. Using the trial court's charitable timeline, the "full extent" of the son's medical problems was not known until February 28, 2012. But the relevant date is not February 28, 2012—the relevant date is December 7, 2012, when the son reached the age of eighteen. Prior to that date, there was no "effective adjudication" of the son's continuing incapacity in any order awarding child support. There was no mention of the son's incapacitation in the MSA, even though he had already sustained a head injury prior to Wife's petition for dissolution.

Furthermore, Schedule A explicitly provided that the son's child support would terminate when he turned eighteen. And even if Schedule A had not so provided, we would be compelled by both common law and legislative directive to conclude that the child support award terminated upon the son reaching majority anyway. See § 61.13(1)(a)(1)(a); Willens, 53 So. 3d at 1116 (citing Kern, 360 So. 2d at 484).[2] Accordingly, we hold the trial court did not have subject matter jurisdiction to modify the child support relating to the son, and reverse the order of the trial court. See Larwa v. Dep't of Revenue ex rel. Roush, 169 So. 3d 1285, 1285 (Fla. 5th DCA 2015) (per

---

[2]Section 743.07(2) contains another provision, which allows for a court to extend a support obligation beyond majority where a child is "dependent in fact, is between the ages of 18 and 19, and is still in high school, performing in good faith with a reasonable expectation of graduation before the age of 19." Here, because the son graduated from high school prior to his eighteenth birthday, this provision does not apply. See, e.g., D.J.S. v. W.R.R., 99 So. 3d 991, 993 (Fla. 2d DCA 2012) (holding that trial court had jurisdiction to consider mother's supplemental petition seeking modification of child support filed when the child was "eighteen years old and in high school with a reasonable expectation of graduating before his nineteenth birthday").

- 11 -

curiam); cf. Gamache v. Gamache, 14 So. 3d 1236, 1238 (Fla. 2d DCA 2009) (holding that a trial court lacked subject matter jurisdiction over child custody issues, where the adult dependent child was over eighteen years of age and had never been declared incapacitated or incompetent).[3]

### III. CONCLUSION

The trial court did not have jurisdiction to modify Husband's child support obligation to his son after the son reached the age of majority. Accordingly, we reverse the trial court's final judgment as to Husband's petition to modify child support and Wife's counter-petition as to same. Upon remand, the trial court shall recalculate Husband's child support responsibility relating to Husband and Wife's daughter.

LaROSE and KHOUZAM, JJ., concur.

---

[3]The son, however, is not without potential relief to seek financial support from his father. Although the trial court had no jurisdiction to modify the previous award of child support for the son, the son's right to parental support cannot be destroyed so easily. "The rights of support and meaningful relationship belong to the child, not the parent; therefore, neither parent can bargain away those rights." Budnick v. Silverman, 805 So. 2d 1112, 1113 (Fla. 4th DCA 2002). The son may be able to bring an independent action for financial support against his parents. See Phillips, 83 So. 3d at 905 n.1 (citing Hastings, 841 So. 2d at 486); Brown, 714 So. 2d at 477.