IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

SANDRA BLOOM,

Appellant,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

v.

CASE NO. 1D15-4505

RANDY PANCHYSHYN,

Appellee.

_____/

Opinion filed October 4, 2016.

An appeal from the Circuit Court for Gilchrist County.
Stanley H. Griffis, III, Judge.

Lawrence J. Marraffino of Lawrence J. Marraffino, P.A., Gainesville, for Appellant.

No appearance for Appellee.

WETHERELL, J.

Appellant, the former wife, seeks review of a post-dissolution order that,
among other things, awards child support to Appellee, the former husband, and

denies the former wife's request for attorney's fees. We affirm the denial of attorney's fees without discussion, and we affirm the child support award for the reasons that follow.

The parties' marriage was dissolved in June 2013. The final judgment of dissolution approved and adopted a mediated agreement, which provided in pertinent part: "Based on the parties' incomes and the timesharing schedule, neither party will pay child support to the other at this time." In April 2014, the parties entered into a second mediated agreement, which likewise provided that neither party would pay child support. Neither agreement discussed post-majority child support, nor did they preclude subsequent modification of the parties' respective child support obligations as they did with the former husband's "non-modifiable" alimony obligation.

On October 31, 2014, two weeks after the parties' only child turned 18, the former husband filed a petition to modify the former wife's no-child-support obligation based on her refusal to allow the child to spend the night at her home. At the hearing on the petition, the former wife stated that she had "no problem . . . pay[ing] child support from the last mediated settlement agreement back in May [sic] until . . . [the child] turned 18 in October," but she objected to paying child support after the child reached the age of majority.

After the hearing, the trial court entered an order finding in pertinent part that "there was no time-sharing by the Former Wife with the [child] since the entry of the April, 2014, Mediation Agreement."  Based on this changed circumstance, the order required the former wife to pay child support to the former husband retroactive to May 2014.  The order did not specify when the former wife's child support obligation would end, but the order appears to contemplate the obligation ending in May 2015, which corresponds to the former husband's testimony that the child was expected to graduate from high school on May 9, 2015.

On appeal, the former wife argues that the trial court did not have the authority to award child support to the former husband because his petition to modify her existing no-child-support obligation was filed after the child turned 18. This argument is meritless.[1]  Section 743.07(2), Florida Statutes (2015),[2] clearly authorizes a parent to "file a petition seeking child support up and until high school graduation for the appropriate eighteen-year-old child . . . ."  Campagna v. Cope, 971 So. 2d 243, 249 (Fla. 2d DCA 2008); see also D.J.S. v. W.R.R., 99 So. 3d 991

---

[1] The other arguments raised by the former wife concerning the child support award are likewise meritless, and we reject those arguments without discussion.

[2] The statute provides:  "This section [which removes the disability of nonage for persons 18 years and older] shall not prohibit any court of competent jurisdiction from requiring support for a dependent person beyond the age of 18 years . . . if the person is [1] dependent in fact, is [2] between the ages of 18 and 19, and is [3] still in high school, performing in good faith with [4] a reasonable expectation of graduation before the age of 19."

3

(Fla. 2d DCA 2012) (reversing dismissal of petition for modification of child support for 18-year-old high school student); <u>Henderson v. Henderson</u>, 882 So. 2d 499 (Fla. 1st DCA 2004) (same); <u>Dep't of Revenue ex rel. Lockmiller v. Lockmiller</u>, 791 So. 2d 552, 553 (Fla. 2d DCA 2001) ("[N]othing in section 743.07(2) suggests that the former wife's ability to seek support for the dependent child terminated on that child's eighteenth birthday."); cf. <u>Loza v. Marin</u>, 2D15-3235, 2016 WL 4261396, at *6 n.2 (Fla. 2d DCA 2016) (reversing order granting petition for child support filed after the child had turned 18 and graduated from high school, but distinguishing cases where the child had not yet graduated from high school but was expected to do so before the age of 19).

Here, the record reflects—and the former wife does not dispute—that at the time the former husband filed his petition for modification, the parties' child was dependent in fact, between the ages of 18 and 19, still in high school, and expected to graduate before she turned 19. Accordingly, pursuant to section 743.07(2), the trial court had the authority to require the former wife to pay child support after the child turned 18 in October 2014. <u>See</u> §§ 61.13(1)(a)1.a. (stating that child support orders terminate when the child turns 18 "unless the court finds . . . that [section] 743.07(2) applies"), 61.14(9), Fla. Stat. (stating that the obligation to pay current child support terminates when the child turns 18 "[u]nless otherwise ordered by the court"). Moreover, because the former wife stated that she had "no problem" paying

4

child support from May 2014 to October 2014—and the trial court had the authority to award this retroactive support, see § 61.30(11)(c), Fla. Stat. (providing that a modification of child support based on the noncustodial parent's failure to exercise time-sharing is "retroactive to the date the noncustodial parent first failed to regularly exercise the . . . agreed time-sharing schedule")—we affirm the child support award in its entirety.

AFFIRMED.

LEWIS and RAY, JJ., CONCUR.