IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

DEPARTMENT OF REVENUE
O/B/O WILLETTE TISDALE,

     Appellant,

 v.                                                                    Case No. 5D16-2750

OTHA L. JACKSON,

     Appellee.

_____/

Opinion filed April 13, 2017

Appeal from the Circuit Court
for Orange County,
Mike Murphy, Judge.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Toni C. Bernstein, Senior
Assistant Attorney General, Tallahassee,
for Appellant.

No Appearance for Appellee.


EDWARDS, J.

     The Department of Revenue ("DOR"), on behalf of Willette Tisdale ("Tisdale"),
appeals the trial court's order dismissing its petition that sought to extend child support
payments being made by Otha Jackson ("Jackson") beyond the dependent child's
eighteenth birthday. The hearing officer determined that DOR lacked standing to seek
this relief because the petition was not filed until after the child's eighteenth birthday; the

trial court adopted the reasoning and dismissed the petition for lack of subject matter jurisdiction. We reverse and remand for further proceedings for the reasons set forth below.

In 1999, the trial court adjudicated Jackson to be the legal father of the child born to Tisdale and ordered Jackson to pay child support. The undisputed evidence presented to the hearing officer and trial court was that: (i) the child turned eighteen on December 17, 2015; (ii) he was still living with Tisdale; (iii) he was financially dependent on his parents; (iv) he was still enrolled in high school; (v) he was a successful student; and (vi) he was on track to graduate in June 2016, before his nineteenth birthday. DOR filed its petition for modification on January 6, 2016, seeking to extend the previously ordered child support until the child graduated from high school. Jackson objected at the hearing on the petition, arguing that his obligation for child support ended on December 17, 2015.

Section 61.13(1)(a)1.a., Florida Statutes (2016), provides that child support terminates "on a child's [eighteenth] birthday unless the court finds or previously found that [section] 743.07(2) applies, or is otherwise agreed to by the parties." § 61.13(1)(a)1.a., Fla. Stat. (2015); *see also* § 61.14(9), Fla. Stat. (2016) ("Unless otherwise ordered by the court or agreed to by the parties, the obligation to pay the current child support for that child is terminated when the child reaches 18 years of age or the disability of nonage is removed."). Section 743.07(2), Florida Statutes (2016), provides:

> This section shall not prohibit any court of competent jurisdiction from requiring support for a dependent person beyond the age of [eighteen] years when such dependency is because of a mental or physical incapacity which began prior to such person reaching majority or if the person is dependent in fact, is between the ages of [eighteen] and [nineteen], and is still in high school, performing in good faith with a

2

> reasonable expectation of graduation before the age of [nineteen].

§ 743.07(2), Fla. Stat. (2016).

A parent, or, as in this case DOR,[1] has standing to file for modification of the child support obligation to extend it beyond the child's eighteenth birthday, based on the high school provision of section 743.07(2), even though the dependent child turned eighteen before the petition for modification was filed. *See Fla. Dep't of Rev. ex rel. Hobbs v. Lockmiller*, 791 So. 2d 552, 553 (Fla. 2d DCA 2001) (finding that DOR had standing to file petition for continuing support for a dependent child pursuant to the high school provision section 743.07(2) although petition filed four months after the child turned eighteen); *see also Bloom v. Panchyshyn*, 200 So. 3d 272, 273 (Fla. 1st DCA 2016) (describing the argument that parent lacked standing to seek extended child support under high school provision because petition was filed two weeks after child turned eighteen as "meritless"); *Campagna v. Cope*, 971 So. 2d 243, 249 (Fla. 2d DCA 2008) (permitting parent to seek retroactive child support by petition filed after the dependent child turned eighteen pursuant to the high school provision of section 743.07(2)); *Henderson v. Henderson*, 882 So. 2d 499, 499-500 (Fla. 1st DCA 2004) (same).

The hearing officer's and trial court's reliance upon *Larwa v. Department of Revenue ex rel. Roush*, 169 So. 3d 1285, 1285 (Fla. 5th DCA 2015), is misplaced because the extension of child support in that case was "based not on the son's [high] school attendance, but on his mental incapacity." On rehearing, this court held that under those circumstances, an independent action must be brought by the emancipated, but

---

[1] DOR serves as Florida's child support enforcement agency pursuant to Title IV-D of the Social Security Act.

3

dependent, child rather than by a parent seeking modification of child support. *Roush*, 169 So. 3d at 1285.

For the reasons discussed above, it is clear that DOR had standing and the circuit court had subject matter jurisdiction regarding DOR's petition to extend Jackson's child support obligations based upon the undisputed facts that the child was eighteen, in high school, performing in good faith, with reasonable expectation of graduation before the age of nineteen. *See* § 743.07(2), Fla. Stat. (2016). Accordingly, we reverse and remand for the trial court to reconsider DOR's petition to extend Jackson's obligation for child support for the period of time between the child's eighteenth birthday and his graduation from high school, which according to the record before this court, occurred in May 2016. On remand, the circuit court shall also entertain any appropriate petitions DOR has filed or may file for child support arrearages.

REVERSED and REMANDED.

PALMER, J., and JACOBUS, B.W., Senior Judge, concur.

4