NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

DEPARTMENT OF REVENUE o/b/o          )
KATHRYN E. SLAYER,                   )
                                     )
          Appellant,                 )
                                     )
v.                                   )          Case No. 2D17-2646
                                     )
KEVIN J. VOBROUCEK,                  )
                                     )
          Appellee.                  )
_____)

Opinion filed November 9, 2018.

Appeal from the Circuit Court for Manatee
County; Edward Nicholas, Judge.

Pamela Jo Bondi, Attorney General, and
Carrie R. McNair, Assistant Attorney
General, Tallahassee, for Appellant.

No appearance for Appellee.


LUCAS, Judge.

          The Department of Revenue (DOR) appeals the denial of its supplemental

petition for modification of Kevin Vobroucek's child support obligation.  The circuit court

adopted the findings and recommendations of a hearing officer who concluded that the

court did not have subject matter jurisdiction because DOR's petition had been filed

after the minor child who was the subject of the support obligation had reached the age

of eighteen and a marital settlement agreement between Mr. Vobroucek and his former wife terminated his support obligation upon their child's eighteenth birthday.[1]  The circuit court's conclusion that it was without subject matter jurisdiction was erroneous.

Mr. Vobroucek and his former wife have a daughter who happened to graduate from high school several months after her eighteenth birthday.  Pursuant to a 2001 marital settlement agreement, Mr. Vobroucek had been paying child support in the amount of $115.38 per week to the State for the former couple's child.[2]  From his testimony before the hearing officer, it appears Mr. Vobroucek was current on his support obligation; indeed, he testified without contradiction that he had a "reserve" of approximately $900 with his child support account with the State—which the State refunded him after his daughter's eighteenth birthday.  In spite of having previously refunded his support payments, on February 1, 2017, DOR filed a supplemental petition

---

[1]We note, but will not tarry over, the fact that the circuit court's ruling would have perhaps been more properly effectuated as a dismissal of the supplemental petition since the court determined it was without subject matter jurisdiction.  Cf. Mannino v. Mannino, 980 So. 2d 575, 575 (Fla. 2d DCA 2008) (appealing order dismissing postdissolution petition to modify child custody and child support based on circuit court's determination that it was without subject matter jurisdiction); Bared & Co., Inc. v. McGuire, 670 So. 2d 153 (Fla. 4th DCA 1996) (en banc) (explaining distinction between dismissal and denial for purposes of certiorari jurisdiction).

[2]The agreement required Mr. Vobroucek to remit his weekly payments to the State of Florida Depository from June 1, 2001, until the child "marries, dies, becomes self-supporting, or reaches majority."  Apparently, Mr. Vobroucek's former wife, Kathryn Sayer, was receiving some manner of child support services; hence, DOR's involvement and pursuit of what amounts to around $2000 of further payments from Mr. Vobroucek.  See § 409.2557(1), Fla. Stat. (2017) ("The department is designated as the state agency responsible for the administration of the child support enforcement program . . . ."); Dep't of Revenue ex rel. Tisdale v. Jackson, 217 So. 3d 192, 194 n.1 (Fla. 5th DCA 2017) ("DOR serves as Florida's child support enforcement agency pursuant to Title IV–D of the Social Security Act.").  Ms. Sayer did not appear in the proceedings below.  Neither she nor Mr. Vobroucek have appeared in this appeal.

pursuant to section 743.07(2), Florida Statutes (2017), seeking to extend Mr. Vobroucek's child support obligation beyond the date of the child's eighteenth birthday (which was in December of 2016) to the date of her graduation from high school (in May of 2017).

To his credit, Mr. Vobroucek indicated he had no objection to DOR's request for additional child support.  "I'm gonna pay the child support till she's done with high school," he told the hearing officer.  But the hearing officer expressed concern that the court did not have subject matter jurisdiction to grant such a modification since the child had already turned eighteen by the time DOR filed its supplemental petition.  The circuit court agreed, adopted the hearing officer's findings and recommendations that the court was without subject matter jurisdiction, and denied the supplemental petition.  In its order denying DOR's subsequent motion to vacate, the circuit court clarified its ruling by a citation to this court's decision in Loza v. Marin, 198 So. 3d 1017 (Fla. 2d DCA 2016).  This is DOR's timely appeal.

The Florida Supreme Court has explained that subject matter jurisdiction "concerns the power of the trial court to deal with a class of cases to which a particular case belongs."  Paulucci v. Gen. Dynamics Corp., 842 So. 2d 797, 801 n.3 (Fla. 2003) (quoting Cunningham v. Standard Guar. Ins. Co., 630 So. 2d 179, 181 (Fla. 1994)) (distinguishing between "subject matter jurisdiction" and "continuing jurisdiction").  "Subject matter jurisdiction 'means no more than the power lawfully existing to hear and determine a cause.' "  Id. (quoting Cunningham, 630 So. 2d at 181).

Section 61.13, Florida Statutes (2017), both recognizes a parent's obligation to support his or her child and empowers a circuit court to award child support

based upon a statutory formula.  See § 61.13(1)(a); see also Serio v. Serio, 830 So. 2d 278, 280 (Fla. 2d DCA 2002) ("Child support 'is not a requirement imposed by one parent on the other; rather it is a dual obligation imposed on the parents by the State.' " (quoting Armour v. Allen, 377 So. 2d 798, 800 (Fla. 1st DCA 1979))).  The obligation to provide child support ends once the child reaches the age of majority, "unless the court finds or previously found that s. 743.07(2) applies, or is otherwise agreed to by the parties."[3]  See § 61.13(1)(a)(1)(a).  Section 743.07(2), in turn, contains two provisions that authorize a court to extend a child support obligation beyond the child's age of majority:

> This section shall not prohibit any court of competent jurisdiction from requiring support for a dependent person beyond the age of 18 years when [1] such dependency is because of a mental or physical incapacity which began prior to such person reaching majority or [2] if the person is dependent in fact, is between the ages of 18 and 19, and is still in high school, performing in good faith with a reasonable expectation of graduation before the age of 19.

In Loza, 198 So. 3d at 1022-23, we determined that the circuit court was without subject matter jurisdiction to consider a supplemental petition to extend a child support obligation due to the child's alleged incapacity from a head injury when the petition had been filed after the child's eighteenth birthday.  The problem, we observed, was that there had been no prior "effective adjudication" of the child's incapacity in any previous court order and thus we were compelled "by both common law and legislative directive to conclude that the child support terminated" upon the child's eighteenth

---

[3]This statute, we explained in Loza, 198 So. 3d at 1020-21, aligns with the common law rule that a parent's legal duty to support his or her child ordinarily ends once the child reaches the age of majority.

birthday.  Id. at 1022 (first citing § 61.13(1)(a)(1)(a); then citing Willens v. Garcia, 53 So. 3d 1113, 1116 (Fla. 3d DCA 2011)).  Under those circumstances, we concluded that the circuit court did not have jurisdiction to modify the award under the first provision of section 743.07(2).  Id. at 1023.  We took care, however, to note that section 743.07(2)'s second provision, allowing modification of a support order when a recently emancipated minor is still in high school, did not apply to the facts of the case.  Id. at 1022 n.2 (citing D.J.S. v. W.R.R., 99 So. 3d 991, 993 (Fla. 2d DCA 2012)).[4]  It applies to the case at bar.

The second provision of section 743.07(2) is clear and unambiguous. Dyck-O'Neal, Inc. v. Lanham, 43 Fla. L. Weekly S278c, S280c (Fla. July 5, 2018) ("When the language of the statute is clear and unambiguous and conveys a clear and definite meaning, . . . the statute must be given its plain and obvious meaning." (citing Holly v. Auld, 450 So. 2d 217, 219 (Fla. 1984))); Lopez v. Hall, 233 So. 3d 451, 453 (Fla. 2018) (noting that a statute must be examined by its "plain meaning, resorting to rules of statutory construction only if the statute's language is ambiguous").  The language used in the second provision for this subsection reads entirely in the present tense and thus contemplates that a supplemental petition can be filed if the child "is between the ages of 18 and 19, and is still in high school, performing in good faith with a reasonable expectation of graduation before the age of 19."  Cf. Osborne v. Dumoulin, 55 So. 3d 577, 588 (Fla. 2011) ("We agree that use of the present tense of the verbs in

_____

[4]Whether the event of a child's eighteenth birthday is best characterized as the potential end of subject matter jurisdiction over child support, or a cessation of the court's continuing jurisdiction, or simply the boundary of a legal right afforded under the law is really of no moment here because our decision in Loza was confined to the first provision under section 743.07(2), not the second.

section 222.25(4) narrows the relevant time that a debtor receives the benefits of the article X homestead exemption to the period when the debtor asserts the personal property exemption."); Arch Aluminum & Glass Co., Inc. v. Haney, 964 So. 2d 228, 237 (Fla. 4th DCA 2007) (noting that Florida's long-arm statute's use of the present tense verb "is engaged in" substantial and not isolated activity within this state "shows that jurisdiction under this subsection requires current activity"). Indeed, the statute can be construed no other way: if a child "is" between eighteen and nineteen, "is still in" high school, and meets the remaining statutory requirements—as appears to be the case before us—then a court of competent jurisdiction "is not prohibited" from extending the support obligation under the statute. Cf. D.J.S., 99 So. 3d at 993 (concluding that trial court had subject matter jurisdiction to consider supplemental petition seeking modification of support under section 743.07(2)).

Applying the plain language of the second provision of section 743.07(2), we conclude the circuit court had jurisdiction to consider DOR's supplemental petition. Accordingly, we reverse the order below and remand for reinstatement of the supplemental petition.

Reversed and remanded.


CRENSHAW and ATKINSON, JJ., Concur.